OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the decision of the Workers’ Compensation Board reinstated.
Claimant sought workers’ compensation benefits in connection with the death of her husband. The employer contested the claim on the ground that the off-employment-site injury was not incurred in the course of employment. Decedent was an engineer laboratory technician whose duties included drawing up schematics to specifications and ordering and repairing components needed by other engineers. He had suffered two *914 heart attacks in the year prior to the accident and, as a consequence, had set up a separate work area at home. Testimony was adduced before the Board that he sometimes worked at home on weekends to complete assignments in a timely fashion. On the Saturday of the accident, the employee drove to his regular employment place and then telephoned his wife to inform her he was returning home to complete his work. On his way home, he was in a car accident and died two days later from the resultant injuries. Significantly, the employee’s supervisor testified that work done by the employee at home inured to the benefit of the employer and that he had permitted the employee to work at home in the past.
The Workers’ Compensation Board accepted the premise that the employee had a known and ratified second workplace in his dwelling, so that the injuries sustained while traveling home from the primary workplace were compensable. The Appellate Division reversed and dismissed the claim, concluding that although the employee performed work at home with his employer’s knowledge and permission on four occasions following the previous heart attacks, there was no proof in the record that he "regularly performed work at home with the employer’s permission and to its benefit.” (147 AD2d, at 751.) Two Justices dissented and, on the Board’s appeal as of right (CPLR 5601 [a]), we reverse because the Board’s decision was supported by substantial evidence within the framework of the well-settled rule of Matter of Hille v Gerald Records (23 NY2d 135).
The risk of travel to and from the workplace is not usually in the course of the employment itself, and injuries sustained in accidents occurring during such commuting are generally not compensable (Matter of Greene v City of New York Dept. of Social Servs., 44 NY2d 322). At-home work and commuting between home and employment may, however, qualify when it is "either a specific work assignment for the employer’s benefit at the end of the particular homeward trip or so regular a pattern of work at home that the home achieves the status of a place of employment.” (Matter of Hille v Gerald Records, 23 NY2d, supra, at 138.)
There was substantial evidence before the Board for it to exercise its exclusive fact-finding function, based on the facts adduced and inferences drawn from them, and to conclude that here the injuries arose out of or in the course of employment (id.; Matter of Axel v Duffy-Mott Co., 47 NY2d 1, 6).
*915 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.