■ In the Matter of the Claim of JOHN CALLANAN, Respondent, v TOWN OF CLARKSTOWN et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [594 NYS2d 859] —Yesawich Jr., J. Appeal from a decision of the Workers' Compensation Board, filed October 9, 1991, which ruled that claimant sus-

tained a compensable injury and awarded workers' compensation benefits.

Claimant, a police officer, was injured in a car accident while driving to work. Claimant testified that he was on his way to the police station to begin his shift when he encountered a "staggering" pedestrian who appeared intoxicated; claimant told the pedestrian to wait where he was and that he would send a police car to assist him when he reached the police station, which was about a mile away. Claimant then continued toward police headquarters and was injured while en route, approximately 0.2 miles beyond his encounter with the pedestrian. The Workers' Compensation Board found that claimant sustained a compensable injury. We affirm.

Although "injuries sustained in accidents occurring during * * * commuting are generally not compensable" *(Matter of Fine v S.M.C. Microsystems Corp.,* 75 NY2d 912, 914; *see, Matter of Greene v City of New York Dept. of Social Servs.,* 44 NY2d 322), an exception to this rule applies when it is found that the objective of the trip is not only to commute but to engage in work beneficial to the employer. To establish liability on this ground, it must appear that the trip was necessary to carry out a function of employment, and thus would have been made even if the concurrent private purpose for travel— in this case, to commute to or from work—had been canceled *(see, Matter of Marks v Gray,* 251 NY 90, 93). To the extent this determination involves a question of fact, we must defer to the Board's findings unless they are wholly unsupported in the record *(see, Matter of Fine v S.M.C. Microsystems Corp., supra,* at 914).

Here, testimony established that police officers are required to aid persons in danger even when off duty. Thus, it was argued, having come upon the staggering individual, claimant would have driven to the police station to seek help even had he not been commuting. The Board, exercising its "exclusive fact-finding function" *(supra,* at 914), found this to be the case and, given the pedestrian's proximity to the police station, this inference is not unreasonable.

Weiss, P. J., Levine, Crew III and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.