■ In the Matter of the Claim of FRANK J. GIGLIOTTI, Appellant, v NIAGARA COUNTY SHERIFF'S DEPARTMENT, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [608 NYS2d 354] — Mikoll, J. P. Appeal from a decision of the Workers' Compensation Board, filed June 19, 1992, which ruled that claimant did not sustain a causally related disability and denied his claim for workers' compensation benefits.

Claimant, a Niagara County Deputy Sheriff, was involved in an auto accident on his way to work. The record discloses that departmental policy required a uniformed police officer to stop and give assistance to the public upon coming upon an immobilized vehicle. Claimant, on the day of the accident, left home fully uniformed and armed with his service revolver, which he was not permitted to leave in his locker at work. The morning was very dark. A motorist had abandoned his vehicle on the south side of Lockport Road with half the car sticking out on the road. Due to darkness and black smoke billowing from the car, claimant drove through the smoke, not realizing that the car was there, and hit the car incurring serious injuries of the head, face, left shoulder and hand. There was a State Park Police Officer at the scene but no warning signs had been posted. Claimant indicates that but for the happening of the accident, he would have stopped and given assistance inas-

much as he was obliged to do so as a police officer. The accident happened in an area claimant would have normally patrolled.

Accidents occurring during commuting to and from work are not generally compensable as work related *(Matter of Fine v S.M.C. Microsystems Corp.,* 75 NY2d 912, 914). An exception to the rule applies when the objective of the trip is not only to commute but to engage in work beneficial to the employer *(see, Matter of Callanan v Town of Clarkstown,* 191 AD2d 861, 862). The Workers' Compensation Board concluded that claimant's injuries were not work related, finding no nexus between the accident and claimant's work. Unlike the situation in *Matter of Callanan v Town of Clarkstown (supra),* on which claimant relies, claimant was not in the process of giving assistance to the public in a police matter when his accident occurred.

The question of whether claimant's injuries occurred during his employment is a question of fact and we must defer to the findings of the Board on this issue unless the finding is wholly unsupported in the record. Because there is substantial evidence in the record to support the Board's findings, the decision denying claimant benefits must be upheld.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.