■ In the Matter of the Claim of Joseph P. Bobinis, Appellant, v State Insurance Fund, Respondent. Workers' Compensation Board, Respondent. [653 NYS2d 408] —White, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed April 6, 1994 and April 12, 1995, which ruled that claimant did not sustain a causally related disability and denied his claim for workers' compensation benefits.

Claimant was employed as a senior hearing representative by the State Insurance Fund. His primary responsibility was to represent the Fund at hearings held in the Utica area before the Workers' Compensation Board. He also worked at the Fund's Syracuse office at least one day a week. On August 17, 1988, claimant worked in the Syracuse office until about 5:00 P.M. when he left for home. On his way home, he stopped at a shopping center to purchase a pen which he needed for his next day's work. While walking in the shopping center's parking lot, he was struck by an automobile, sustaining personal injuries. Thereafter, claimant filed a claim for workers' compensation benefits which, after a hearing, the Board disallowed, finding that the August 17, 1988 incident did not arise out of and in the course of claimant's employment. Claimant appeals.

The general rule, subject to certain exceptions, is that injuries sustained during travel to and from the place of

employment are not compensable under the Workers' Compensation Law (*see, e.g., Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 475). Claimant maintains that the general rule is not applicable to him because he falls within the outside employee, home office or "special errand" exceptions. For the reasons that follow, we conclude that the Board's finding that claimant did not fit within any of these exceptions is supported by substantial evidence. Accordingly, we affirm.

The distinguishing feature of outside employees is that they do not work at a fixed location and are required to travel between work locations while inside employees work at their employers' premises (*see, Matter of Bennett v Marine Works*, 273 NY 429, 431). These categorizations are not exclusive since an employee can be both an inside and outside employee (*see,* 110 NY Jur 2d, Workers' Compensation, § 376, at 135). Here, claimant was clearly an inside employee on the date of the accident since he had worked the entire day at the Fund's premises.

The home office exception arises where it is shown that an employee's home has become part of the employer's premises. As it is commonplace for many professional and managerial level employees to take work home, the exception is applied cautiously and generally only after consideration of the following indicia: the quantity and regularity of the work performed at home, the continuing presence of work equipment at home and the special circumstances of the particular employment that made it necessary and not merely personally convenient to work at home (*see,* 1 Larson, Workmen's Compensation Law § 18:32). Within this framework, an employee's home was found to have achieved the status as a place of employment where the record showed that he regularly took work home, had work equipment at his house and it was necessary and beneficial to his employer for him to perform duties at home (*see, Matter of Hille v Gerald Records*, 23 NY2d 135, 139).

In this instance, although claimant frequently took work home, there is no proof that he maintained an office or that he had work equipment in his home. Further, claimant's supervisor testified that he encouraged his employees to perform their work, other than hearings, in the office as much as possible. In view of this record, there is no basis to disturb the Board's finding that claimant's home was not a second employment site (*compare, Matter of Fine v S.M.C. Microsystems Corp.*, 75 NY2d 912).

The "special errand" exception can be applied where the employer both encouraged the errand and obtained a benefit

from the employer's performance of the errand (*see, Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 478, *supra*). Claimant maintains that he performed a special errand for the Fund in stopping on his way home to purchase a pen. We disagree since, inasmuch as the Fund provided pens to claimant, it cannot be seriously argued that it encouraged claimant to purchase his own pen.

We have considered claimant's remaining contentions and find them unpersuasive.

Mercure, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.