■ In the Matter of the Claim of OWEN EGLOFF, Respondent, v OB-GYN ASSOCIATES OF NORTHERN NEW YORK et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [667 NYS2d 116] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed August 23, 1995, which ruled that the death of claimant's decedent arose out of and in the course of her employment and awarded claimant workers' compensation death benefits.

Decedent, a physician, was fatally injured in an automobile accident while on her way to a hospital where she was scheduled to be on-call during a 24-hour shift. Claimant, her husband, thereafter filed a claim for workers' compensation death benefits which was denied, following a hearing, on the basis, *inter alia*, that her death did not arise out of and in the course of her employment. Upon a reversal of that decision by the Workers' Compensation Board, this appeal by the employer and its workers' compensation insurance carrier ensued.

As a general rule, injuries sustained while traveling to and from one's place of employment are not compensable under the Workers' Compensation Law (*see*, *Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 475; *Matter of Bobinis v State Ins. Fund*, 235 AD2d 955, 956). An exception to this rule, however, exists with respect to outside employees (*see*, *Matter of Neacosia v New York Power Auth.*, *supra*, at 475; *Matter of Deland v Hutchings Psychiatric Ctr.*, 203 AD2d 776, 778). "The distinguishing feature of outside employees is that they do not work at a fixed location and are required to travel between work locations while inside employees work at their employers' premises" (*Matter of Bobinis v State Ins. Fund*, *supra*, at 956

[citation omitted]). Nevertheless, "[t]hese categorizations are not exclusive since an employee can be both an inside and outside employee" (*id.*, at 956).

At the time of her death, decedent was an employee of a professional corporation which maintained an office in the City of Watertown, Jefferson County. Decedent was required to treat patients by appointment at the Watertown office from 9:00 A.M. to 5:00 P.M. on certain weekdays and at the Fort Drum office from 1:00 P.M. to 4:00 P.M. on Thursdays. In addition, decedent was required to be on-call during a 24-hour shift at the hospital once every seven days. Although not required, decedent made it a practice of being physically present at the hospital during her on-call duty. On the morning of the fatal accident, decedent was traveling to the hospital for her on-call duty.

In our view, the record evinces substantial evidence supporting the Board's finding that decedent was acting as an outside employee at the time of her death and that her death arose out of and in the course of her employment. Although other evidence may also support a contrary conclusion, we do not substitute our judgment for that of the Board (*see, Matter of Lawrence v Consolidated Edison Co.*, 240 AD2d 871, 874).

Mikoll, J. P., Crew III, White and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.