██ In the Matter of the Claim of TODD C. CONINGSBY, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [667 NYS2d 101] —Yesawich Jr., J. Appeal from a decision of the Workers' Compensation Board, filed January 17, 1997, which ruled that claimant did not sustain an accidental injury in the course of his employment and denied workers' compensation benefits.

Claimant, a correction officer at Cayuga Correctional Facility in Cayuga County, was injured in a motor vehicle accident while driving to work in his personal vehicle. Fully uniformed, he had driven two miles past the facility to a local restaurant, to purchase a sandwich for his lunch, and was traveling back to the facility to commence his shift when the accident occurred, approximately one mile from the facility entrance. Al-

though claimant was required to eat at his post, food was available for purchase on the facility premises. Claimant was not reimbursed for time spent commuting, nor was he required to travel to work in his personal vehicle or to wear his uniform while commuting. Denied workers' compensation benefits on the ground that the accident did not occur in the course of his employment, claimant appeals.

There being substantial evidence in the record to support the Workers' Compensation Board's findings, its decision must be upheld. Because the risks inherent in traveling to and from work relate to the employment in only a marginal sense (*see, Matter of Greene v City of New York Dept. of Social Servs.*, 44 NY2d 322, 325), accidents that occur during such a commute are generally not compensable as work related except under limited circumstances (*see, Matter of Gigliotti v Niagara County Sheriff's Dept.*, 202 AD2d 715, 716; *Matter of Stead v Rockland County*, 195 AD2d 668, 669), not present here. Inasmuch as claimant's employer neither encouraged him to purchase his lunch at the restaurant in question nor derived any benefit therefrom (*see, Neacosia v New York Power Auth.*, 85 NY2d 471, 478), he was not, as he contends, engaged in a special errand at the time of his accident. Nor can we conclude that the trip served a dual purpose, given the absence of proof that it was necessary to carry out a function of the employment (*see, Matter of Callanan v Town of Clarkstown*, 191 AD2d 861, 862). In sum, despite claimant's physical proximity to the facility at the time of the accident, there was an insufficient nexus between the accident and claimant's work to warrant an award of workers' compensation benefits.

Mikoll, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.