In the Matter of the Claim of GONZALO CARPIO, Respondent, v R & J INSULATION COMPANY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [702 NYS2d 473] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed December 10, 1998, which ruled that claimant sustained an injury arising out of and in the course of his employment and awarded workers' compensation benefits.

On January 23, 1995 at approximately 7:45 A.M., claimant

was walking to a job site where he was scheduled to commence an asbestos removal project at 8:00 A.M. when he was struck by a car, sustaining personal injuries. The Workers' Compensation Board granted claimant's application for workers' compensation benefits finding that claimant was acting as an outside employee at the time of his injury and that, therefore, the injury arose out of and in the course of his employment. The employer and its workers' compensation insurance carrier appeal.

We affirm. The general rule that injuries sustained while traveling to and from one's place of employment are not compensable under the Workers' Compensation Law (*see, Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 475) is inapplicable to "outside employees" who, as a distinguishing feature of their employment, have no fixed work site and are required to travel between job locations (*Matter of Bobinis v State Ins. Fund*, 235 AD2d 955, 956).

Here, the record demonstrates that claimant's employment consisted of traveling to various job sites to perform asbestos removal work for periods lasting anywhere from one day to several months. Claimant was required to report to the employer's main office in New Jersey once every month at most and contacted the office by telephone only for the purpose of receiving new work assignments. As claimant had no fixed place of employment and was responsible for traveling to different job locations to perform his work, we find substantial evidence to support the Board's decision that claimant was acting as an outside employee at the time of his injury. Accordingly, we decline to disturb the Board's decision that claimant's injury arose out of and in the course of his employment.

Claimant's remaining contentions have been reviewed and found to be lacking in merit.

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.