■ In the Matter of the Claim of the ESTATE OF DONALD DeROSA, Deceased, Respondent, v EVANS PLUMBING AND HEATING COMPANY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [715 NYS2d 114] —Mercure, J. P. Appeal from a decision of the Workers' Compensation Board, filed June 17, 1999, which ruled that the death of decedent arose out of and in the course of his employment and awarded workers' compensation benefits.

Decedent and a co-worker were killed in a motor vehicle accident that occurred while they were returning home from a work site. Concluding that decedent was an outside employee, the Workers' Compensation Board ruled that decedent was in the course of his employment at the time of the fatal accident and awarded workers' compensation benefits to his widow. The employer and its workers' compensation carrier appeal, contending that decedent had a fixed work site at the time of the accident and, therefore, was not an outside employee.

Subject to certain exceptions, injuries sustained while travel-

ing to and from one's place of employment are not compensable under the Workers' Compensation Law (*see, Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 475). One exception is for outside employees (*see, id.*, at 475). "The distinguishing feature of outside employees is that they do not work at a fixed location and are required to travel between work locations while inside employees work at their employers' premises" (*Matter of Bobinis v State Ins. Fund*, 235 AD2d 955, 956; *accord, Matter of Egloff v Ob-Gyn Assocs.*, 245 AD2d 965). The record establishes that decedent, a plumbing supervisor, did not work at his employer's premises but was assigned to work at various locations where he reported to work each day. There is substantial evidence to support the Board's decision and, therefore, this Court will not substitute its judgment for that of the Board (*see, Matter of Egloff v Ob-Gyn Assocs., supra*). The fact that, at the time of the accident, decedent had been assigned to the same location for several months does not require a contrary conclusion (*see, Matter of Carpio v R & J Insulation Co.*, 269 AD2d 678, *lv dismissed* 95 NY2d 791; *cf., Matter of Benjamin v Kaplan Elec. Co.*, 8 AD2d 239, *affd* 9 NY2d 801).

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.