■ In the Matter of the Claim of PRISCILLA WILLS, Respondent, v CHRISTIAN NURSING REGISTRY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [720 NYS2d 281] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed September 13, 1999, which ruled that claimant sustained an injury arising out of and in the

course of her employment and awarded workers' compensation benefits.

Claimant, a licensed practical nurse, was injured in a motor vehicle accident while returning home from a work assignment at a patient's residence. Concluding that claimant was an outside employee, the Workers' Compensation Board ruled that she was in the course of her employment at the time of the accident and awarded her workers' compensation benefits. The employer and its workers' compensation carrier appeal, contending that claimant was not traveling between work locations at the time of the accident and, therefore, was not an outside employee.

"The general rule that injuries sustained while traveling to and from one's place of employment are not compensable under the Workers' Compensation Law * * * is inapplicable to 'outside employees' who, as a distinguishing feature of their employment, have no fixed work site and are required to travel between job locations" (*Matter of Carpio v R & J Insulation Co.*, 269 AD2d 678, 679, *lv dismissed* 95 NY2d 791 [citations omitted]). In this case, claimant did not have a fixed work site and did not report to the employer's premises at the beginning of the work day. Rather, the employer assigned claimant to provide care to homebound patients and claimant traveled directly to each patient's home. Claimant's assignment to a patient usually continued until her care was no longer needed, and then she would receive a new assignment.

This Court has affirmed Board decisions applying the outside-employee exception in cases where the claimants, who did not have fixed work sites and traveled to various job sites, were injured in accidents which occurred during travel to or from the job sites at the beginning or end of the work day and not during travel between jobs (*see, Matter of De Rosa v Evans Plumbing & Heating Co.*, 277 AD2d 619; *Matter of Egloff v Ob-Gyn Assocs.*, 245 AD2d 965; *see also, Matter of Carpio v R & J Insulation Co., supra*). The fact that the claimant had been assigned to the same job site for several months did not affect the validity of the Board's decisions (*see, e.g., Matter of De Rosa v Evans Plumbing & Heating Co., supra*). Nevertheless, the Board's decision in this case must be reversed.

On appeal to the Board, the employer and its carrier cited to a prior Board decision which, on substantially similar facts, ruled that a claimant was not an outside employee. On appeal to this Court, the employer and its carrier have cited additional prior Board decisions which appear inconsistent with the Board's ruling in this case. In view of the factual similarity be-

tween those decisions and this case, we agree with the employer and its carrier that it was incumbent upon the Board to either follow the precedent established by the prior decisions or provide a rational explanation for its failure to do so (*see, Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 520).

The Attorney General contends that the prior Board decisions predate *Matter of Egloff v Ob-Gyn Assocs. (supra)* and that the *Egloff* case and other subsequent cases represent the Board's repudiation of the prior decisions in favor of an expanded view of compensation. The rational explanation must, however, be given at the agency level and not for the first time in a judicial proceeding to review the agency determination (*see, Matter of Collins v Governor's Off. of Empl. Relations*, 211 AD2d 1001, 1003). Nor may the Board rely on its decisions in the *Egloff* case and other subsequent cases, in which the existence of prior inconsistent Board decisions was not raised, to avoid the obligation imposed by the principle announced in *Matter of Field Delivery Serv. [Roberts] (supra)* (*see, Matter of Paolucci v Capital Newspapers*, 197 AD2d 811, 812). Accordingly, the matter must be remitted to the Board for compliance with that obligation.

Mercure, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.