■ In the Matter of the Claim of KATHY YELLE, as Administrator of the Estate of JOHN E. YELLE, Deceased, Respondent, v WOODWORTH'S PAINTING COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [733 NYS2d 810] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed September 21, 2000, which ruled that the death of claimant's decedent arose in the course of his employment and awarded workers' compensation death benefits.

Claimant's decedent was a house painter who reported each work day to a job site where the employer had contracted to paint. He apparently worked at a job site until the painting was completed and he was then assigned to work at a new job site. He was killed in an automobile accident while traveling home at the end of the work day from a job site where he had worked for several weeks. Concluding that decedent was an outside employee because he had no fixed work location, did not report to his employer's office and was required to travel between work locations, the Workers' Compensation Board ruled that claimant was in the course of his employment at the time of his death.

In several recent cases, including *Matter of De Rosa v Evans Plumbing & Heating Co.* (277 AD2d 619, *lv dismissed* 96 NY2d 792) and *Matter of Egloff v Ob-Gyn Assocs.* (245 AD2d 965), this Court affirmed Board decisions applying the outside-employee rule to facts which appear similar to those in this case. In *Matter of Wills v Christian Nursing Registry* (280 AD2d 810), however, we reached a different conclusion. The claimant in *Wills* was a licensed practical nurse who was assigned to provide care for homebound patients. She did not have a fixed work site and did not report to the employer's office but, instead, traveled directly to the assigned patient's home where she would work until her service was no longer needed when she would receive a new assignment. The Board initially ruled that the claimant in *Wills* was an outside employee and when the employer argued on appeal to this Court that the Board's decision was inconsistent with certain prior Board decisions, the Attorney General asserted that *Egloff* and its progeny represented the Board's repudiation of those prior decisions in favor of an expanded view of compensation. Based upon the principle which obligates an administrative agency to follow the precedent established by its prior decisions or provide a rational explanation for its failure to do so (*see, Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 520), this Court

concluded that "the rational explanation must * * * be given at the agency level and not for the first time in a judicial proceeding to review the agency determination" (*Matter of Wills v Christian Nursing Registry, supra,* at 812).* Upon remittal, the Board concluded that the claimant in *Wills* was not an outside employee.

The employer and its workers' compensation carrier argue that the Board's decision upon remittal in *Matter of Wills v Christian Nursing Registry* (*supra*) represents the Board's repudiation of its decisions in the *Matter of Egloff v Ob-Gyn Assocs.* (*supra*) line of cases and a return to the narrower view of the outside-employee rule adopted in earlier Board decisions. Claimant, on the other hand, argues that cases such as *Wills* which involve home health care workers can be distinguished from this case and others which involve tradespeople on the ground that home health care workers are assigned to a particular job site for an indefinite period with "no pre-discernible or known end point." The short answer to both arguments is that the rational explanation must be given at the agency level (*see, Matter of Wills v Christian Nursing Registry, supra*). Although the Board's most recent decision in *Wills* did not predate its decision in this case, it is based on Board decisions that predate not only this case but also the *Egloff* case and its progeny. The nature of the employment involved in this case appears to be sufficiently similar to that in the *Wills* line of cases to require that, consistent with the principle announced in *Matter of Field Delivery Serv. (Roberts)* (*supra*), the Board must provide some rational explanation for the apparent conflict in its decisions applying the outside-employee rule.

Crew III, J. P., Peters, Spain and Rose, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

---

.* We also noted that the Board may not "rely on its decisions in the *Egloff* case and other subsequent cases, in which the existence of prior inconsistent [cases] was not raised, to avoid the obligation imposed by the principle announced in *Matter of Field Delivery Serv. (Roberts)* (*supra*)" (*Matter of Wills v Christian Nursing Registry, supra,* at 812).