■ In the Matter of the Claim of ORLANDO RODRIGUEZ, Respondent, v RETAIL MAINTENANCE SERVICE, INC., et al., Appel-

lants. WORKERS' COMPENSATION BOARD, Respondent. [792 NYS2d 252]—

Peters, J. Appeal from an amended decision of the Workers' Compensation Board, filed June 3, 2004, which ruled that claimant sustained an accidental injury in the course of his employment and awarded workers' compensation benefits.

Claimant sustained injuries in a motor vehicle accident that occurred while he was en route from his home to pick up a company vehicle, as he was required to do each day prior to arriving at the employer's main office. After a hearing, a Workers' Compensation Law Judge determined that claimant had suffered a work-related injury while engaged in a special errand for the employer and awarded him workers' compensation benefits. That decision was affirmed by the Workers' Compensation Board. However, the Board later amended its decision, rescinding its finding that claimant had been engaged in a special errand and concluding, instead, that claimant was an outside employee. The employer and its workers' compensation carrier appeal.

We affirm. Although injuries sustained by employees while traveling to and from their place of employment are not generally compensable (*see* Workers' Compensation Law § 10 [1]; *Matter of Chadha v J.B. Lippincott Co.*, 300 AD2d 923, 925 [2002]), an exception applies to outside employees, i.e., employees who do not perform their work at a fixed location (*see Matter of Estate of DeRosa v Evans Plumbing & Heating Co.*, 277 AD2d 619, 620 [2000], *lv dismissed* 96 NY2d 792 [2001]; *Matter of Bobinis v State Ins. Fund*, 235 AD2d 955, 956 [1997]). Here, the record conclusively establishes that claimant did not perform work at the employer's office but, rather, was dispatched by the employer to provide electrical and mechanical services to various retail customers at their stores. As there is substantial evidence to support the determination that claimant was an outside employee, this Court will not substitute its judgment for that of the Board (*see Matter of Estate of DeRosa v Evans Plumb-*

*ing & Heating Co.*, *supra* at 620; *Matter of Carpio v R & J Insulation Co.*, 269 AD2d 678, 678 [2000], *lv dismissed* 95 NY2d 791 [2000]).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the amended decision is affirmed, without costs.