■ In the Matter of the Claim of RAINER KIRCHGAESSNER, Appellant, v ALLIANCE CAPITAL MANAGEMENT CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [834 NYS2d 392]—

---

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed September 12, 2005, which ruled that the death of claimant's decedent did not arise out of and in the course of her employment and denied his claim for workers' compensation death benefits.

Claimant's decedent was fatally injured after being struck by a tractor trailer while crossing a street on her way from home to work on the morning of January 6, 2004. Thereafter, claimant, decedent's spouse, filed a claim for workers' compensation death benefits. Following hearings, a Workers' Compensation Law Judge found that decedent's death arose out of and in the course of her employment. That determination was reversed by the Workers' Compensation Board, prompting this appeal.

Although an employee's death is compensable under the Workers' Compensation Law if it arises out of and in the course of employment, "[t]he general rule is that injuries sustained during travel to and from the place of employment do not come within the statute" (*Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 474-475 [1995]). An exception to the general rule exists, however, when an employee's home, because he or she so customarily works there, has achieved the status of an additional place of employment (*see Matter of Bobinis v State Ins. Fund*, 235 AD2d 955, 956 [1997]). Factors to be considered in determining whether such an exception applies include the presence of work equipment in the home, the regularity and quantity of the work performed there, as well as special circumstances of the particular employment which make it necessary, as opposed to personally convenient, for an employee to work at home (*see Matter of Hille v Gerald Records*, 23 NY2d 135, 138 [1968]).

Here, notwithstanding the presence of work equipment in the home that enabled decedent, a financial research analyst whose primary focus was the European retail market, to work from home during irregular business hours, testimony from claimant indicated that such work constituted only 5% to 10% of decedent's overall work load. While claimant also stated that decedent worked at home approximately three days per month, testimony from her employer indicated that its preference was for employees to come to the office and that its policy of allowing workers to work from home was an effort to accommodate the needs of employees in a competitive marketplace. Furthermore, although decedent did work from home on the day prior to her death, evidence in the record suggests that she did so for

personal reasons and that, had she been offered a choice, she would have elected to go to the office. Thus, the Board's determination is supported by substantial evidence and we decline to disturb it (*cf. Matter of Fine v S.M.C. Microsystems Corp.*, 75 NY2d 912, 914 [1990]).

Crew III, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.