In the Matter of the Claim of MATTHEW DUFFY, Respondent, v TACONIC CORRECTIONAL FACILITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [837 NYS2d 427]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed December 27, 2005, which ruled that claimant sustained an accidental injury arising out of and in the course of his employment.

In September 2004, claimant, a correction officer, was transferred from the Riverview Correctional Facility in Jefferson County to the Taconic Correctional Facility in Dutchess County. Provided with only 24-hours notice prior to his transfer, he secured housing at the Harlem Valley Housing Facility in Dutchess County, approximately 30 miles from his place of employment, with help from a supervisor at Taconic. The Department of Correctional Services controls and maintains Harlem Valley to provide housing to correction officers working in downstate correctional facilities whose residence is over 50 miles from the facility and who are on a transfer list to be transferred to a facility more than 50 miles away. Claimant, who had worked for the employer for 11 years, maintained his

home in Jefferson County, where his family remained, and immediately placed his name on the list to be transferred back to Riverview. While, due to his seniority and the employer's transfer policy, claimant expected to receive the requested transfer within a short period of time, the employer labeled his transfer to Taconic permanent.

On February 3, 2005, as he was walking toward his vehicle in the parking lot at Harlem Valley to drive to work at Taconic, claimant slipped and fell, injuring his back. He submitted a claim for workers' compensation benefits, which the workers' compensation carrier contested. Following a hearing, a Workers' Compensation Law Judge determined that claimant's injury arose out of and in the course of his employment, entitling him to benefits. The Worker's Compensation Board upheld this determination, prompting this appeal by the employer and carrier.

Because claimant's injury did not arise out of and in the course of his employment, we reverse. Employees are generally not deemed to be acting within the scope of their employment while traveling to and from work, but exceptions exist where there is a sufficient nexus in time and place between the site of the accident and the employer's premises (*see Matter of Moore v Ogden Allied*, 284 AD2d 624, 625 [2001]; *Matter of Thatcher v Crouse-Irving Mem. Hosp.*, 253 AD2d 990, 991 [1998]; *see also Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 475 [1995]). "A sharp distinction must be drawn between the cases of employees who are required to live on the employer's premises, either by virtue of the contract of employment or by reason of the nature of the employment, and cases of employees who are merely permitted to reside on the premises for their own convenience but who are not required to do so" (*Matter of Groff v Uzzilia*, 1 AD2d 273, 275 [1956], *affd* 2 NY2d 840 [1957]; *see Matter of Mattaldi v Beth Israel Med. Ctr.*, 29 AD3d 1192, 1193 [2006]). Claimant and the employer's representative both testified that the employer did not require claimant to reside at Harlem Valley but, in recognition of the difficulty in obtaining affordable housing in the area, the employer made those accommodations available as an option for the convenience of its uniformed employees (*compare Matter of Brooks v New York State Dept. of Correction*, 26 AD2d 850 [1966]). Claimant's injury occurred as he was preparing to travel 30 miles from the dormitory apartment where he chose to live to the correctional facility where he was permanently assigned to work. This slip and fall was not work related as there was no nexus between the time and place of this accident and the employer's premises so as to fit within the exception.

Additionally, considering that claimant's assignment was permanent and indefinite and he had lived in this apartment for approximately four months at the time of the accident, he does not fit within the ambit of cases dealing with employees injured while traveling on business for the employer (*compare Matter of Capizzi v Southern Dist. Reporters*, 61 NY2d 50 [1984]). Nor does claimant fall within the outside employee exception as he only worked at one location (*see Matter of Bobinis v State Ins. Fund*, 235 AD2d 955, 956 [1997]).

Parenthetically, we note that the Board subsequently rendered a decision on nearly identical facts which directly contradicts its decision in this case (*see New York State Dept. of Corrections*, 2006 WL 2363827, *3 [WCB No. 5050 1966, 2006]).

Crew III, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.