■ In the Matter of the Claim of SHELLY DAVIS, as Administrator of the Estate of JANELLE M. RILEY, Deceased, Appellant, v LABOR READY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [891 NYS2d 759]—

Kavanagh, J.

Decedent was employed by Labor Ready, an employment agency that provides temporary employees to its clients. On March 16, 2004, decedent was driven, along with two other employees, to a work assignment at Dunkirk Ice Cream by McKinley Barnes, a Labor Ready employee who was not working that day but had agreed to drive decedent and the two other employees to the work site. Barnes returned to Dunkirk when decedent and the other Labor Ready employees had finished their eight-hour shifts and, during the 26-mile return trip, an automobile accident occurred that resulted in decedent's death. Claimant filed an application for workers' compensation death benefits on behalf of decedent's two minor children. After a hearing, a Workers' Compensation Law Judge granted the application for benefits. The employer and its workers' compensation carrier sought review and the Workers' Compensation Board reversed and disallowed the claim. Claimant appeals and we affirm.

Generally, travel to and from a work site is not considered to be within the scope of employment and injuries occurring during that period will not, as a general rule, result in an award of workers' compensation benefits (*see Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 474-475 [1995]; *Matter of Kirchgaessner v Alliance Capital Mgt. Corp.*, 39 AD3d 1096, 1097 [2007]; *Matter of Rodriguez v Retail Maintenance Serv., Inc.*, 16 AD3d 993, 994 [2005]; *Matter of Engle v Reale Constr. Co., Inc.*, 15 AD3d 761, 762 [2005]). However, there are exceptions to this rule such as where it is established that there is "a sufficient nexus in time and place between the site of the accident and the employer's premises" (*Matter of Duffy v Taconic Correctional Facility*, 41 AD3d 923, 924 [2007]; *see Matter of Anowai v Holiday Inn*, 2 AD3d 994, 995 [2003]), the employee is performing a "special errand" at the direction of the employer (*Matter of Neacosia v New York Power Auth.*, 85 NY2d at 479) or if the employer takes responsibility to transport its employees to and from the work site (*see Matter of Lemon v New York City Tr. Auth.*, 72 NY2d 324, 329 [1988]; *Matter of Holcomb v Daily News*, 45 NY2d 602, 606 [1978]). Claimant argues that because Labor Ready assumed the responsibility for transporting its employees to and from their temporary job assignments, this accident should have been deemed to have occurred within the scope of decedent's employment and, thus, was compensable (*see* Workers' Compensation Law § 10 [1]). We cannot agree.

Lawrence Banes, a branch manager for Labor Ready, testified that when an employee did not have transportation and needed to get to a temporary work assignment, Labor Ready would

encourage carpooling between its employees. When a number of Labor Ready employees were assigned to the same job location, Labor Ready would assist in arranging who would drive, but the vehicles used for transport were not owned by Labor Ready and it had no contract nor did it pay any driver to transport its employees to the work site. Barnes, the Labor Ready employee who was driving at the time of the accident, was in the process of collecting his paycheck and not working that day when he volunteered to drive decedent and the other Labor Ready employees to their job assignment. He was not paid by Labor Ready for this service, but rather was paid $2 by each employee, per Labor Ready's suggestion, for each way that transportation was provided. Moreover, decedent, as well as the other Labor Ready employees, was paid an hourly wage which, as a general rule, did not include payment for time traveled to and from a job assignment.* On these facts, we cannot conclude that Labor Ready had "exclusive control of the conveyance" that was used to provide transportation (*Matter of Holcomb v Daily News*, 45 NY2d at 607), and the Board's determination that decedent's injuries were not sustained in the course of her employment is supported by substantial evidence (*see Matter of Booth v New York State Dept. of Corrections*, 58 AD3d 1027, 1029 [2009]; *Matter of Mack v Kings County Hosp. Ctr.*, 41 AD3d 1063, 1065 [2007]).

Finally, we are unpersuaded by claimant's argument that the Board abused its discretion by refusing to consider her rebuttal because she failed to include the required cover sheet and affidavit of interested parties (*see* 12 NYCRR 300.13 [b], [e] [2]; *Matter of Victor v Steel Style, Inc.*, 56 AD3d 1099, 1101 [2008]).

Mercure, J.P., Peters, Lahtinen and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Some workers were reimbursed transportation costs if the job assignment required them to travel a substantial distance to the work site.