■ In the Matter of the Claim of JOSEPH CARDONE, III, Appellant, v INTERSTATE DRYWALL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [913 NYS2d 826]—

McCarthy, J. Appeal from a decision of the Workers' Compensation Board, filed February 20, 2009, which ruled that claimant's injury did not arise out of and in the course of his employment and denied his claim for workers' compensation benefits.

Claimant, a carpenter, sought workers' compensation benefits for injuries he sustained in a motor vehicle accident that occurred while he was traveling home from work on November 14, 2005. Following a hearing, a Workers' Compensation Law Judge ruled that claimant was an outside employee in travel status at the time of the accident and, thus, his injuries arose out of and in the course of his employment. Upon review, the Workers' Compensation Board reversed. Claimant appeals.

In *Matter of Wills v Christian Nursing Registry* (280 AD2d 810 [2001]), this Court cited apparent inconsistencies in Board decisions applying the "outside employee" exception to the general rule that injuries sustained while traveling to and from a place of employment are not compensable (*see Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 475 [1995]). There, we remitted the matter so the Board could render a decision consistent with established precedent or provide a rational explanation for its failure to do so (*Matter of Wills v Christian Nursing Registry*, 280 AD2d at 812). In this case, the Board's decision indicates that—prompted by our decision in *Wills*—it

has formulated a rule whereby employees who do not permanently work at a fixed location, but nonetheless work at a particular work site for an extended period of time, such that the assigned work site is rendered a fixed location, are not to be considered outside employees (*see e.g. Employer: Total Facility Solutions, Inc.*, 2008 WL 2631747, 2008 NY Wrk Comp LEXIS 6381 [WCB No. 5061 1217, June 26, 2008]; *Employer: Partners in Care*, 2006 WL 2849036, 2006 NY Wrk Comp LEXIS 8726 [WCB No. 0052 0830, Sept. 26, 2006]; *Employer: M & W Elec., Inc.*, 2006 WL 196445, 2006 NY Wrk Comp LEXIS 6 [WCB No. 2962 1024, Jan. 3, 2006]).

We have no quarrel with this rule (*see generally Matter of Neacosia v New York Power Auth.*, 85 NY2d at 475; *Matter of Bennett v Marine Works, Inc.*, 273 NY 429, 432 [1937]; *Matter of Bobinis v State Ins. Fund*, 235 AD2d 955, 956 [1997]) and, as applied here, find no basis upon which to disturb the Board's determination that claimant was not an outside employee. Indeed, on the day of the accident, claimant was assigned to work at the Fort Hamilton Army Base, a fixed location at which he had been working steadily for the prior four months, although occasionally during this time period he would be assigned to report to a different work site for the day. He left the base when his shift ended at 3:00 P.M., and the accident occurred approximately 40 minutes later. Claimant was driving his own car—for which he did not receive a mileage reimbursement—and intended to drive straight home; claimant was not performing a special errand or engaged in any other work-related activities on behalf of the employer. Accordingly, substantial evidence supports the conclusion that claimant's injuries did not arise out of and in the course of his employment (*see Matter of Engle v Reale Constr. Co., Inc.*, 15 AD3d 761, 762-763 [2005]).

Mercure, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.