■ In the Matter of the Claim of ARTHUR C. CARROLL, Appellant, v FAGAN, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [919 NYS2d 235]—

Rose, J.

Claimant was hired by the employer to perform welding work at a single construction project. As the work site was a substantial distance from claimant's permanent residence, the employer provided a per diem for living expenses in addition to his hourly wages. Claimant thereafter obtained lodging near the site, was injured while commuting to work, and applied for workers' compensation benefits. A workers' compensation law judge awarded those benefits following a hearing, finding that claimant's injuries arose out of and in the course of his employment. Upon review, the Workers' Compensation Board reversed and disallowed the claim. Claimant appeals and we affirm.

An injury is only compensable under the Workers' Compensation Law if it arose out of and in the course of a worker's employment and, in general, injuries sustained in the course of "travel to and from the place of employment do not come within the statute" (*Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 474-475 [1995]; *see Matter of Davis v Labor Ready*,

69 AD3d 1214, 1215 [2010]). Substantial evidence supports the Board's determination that no relevant exceptions to that rule apply. Claimant contends that he is entitled to compensation in that the employer's per diem payments financed his travel to and from work (*see e.g. Matter of Fisher v Otis El. Co.*, 28 AD2d 598, 599 [1967], *affd for reasons stated below* 22 NY2d 665 [1968]). He testified that those payments were made to cover his local housing expenses, however, and the Board was free to determine that they were not intended to pay for his transportation costs (*see Matter of Clark v H. K. Ferguson Co.*, 283 App Div 756 [1954]). Claimant also argues that he is an outside employee in that he had no fixed workplace, but the record supports the Board's finding that he reported to "a fixed location prior to each work day" (*Matter of Engle v Reale Constr. Co., Inc.*, 15 AD3d 761, 763 [2005]; *see Matter of Bennett v Marine Works, Inc.*, 273 NY 429, 431 [1937]; *Matter of Cardone v Interstate Drywall*, 79 AD3d 1535, 1536 [2010]). His remaining arguments have been considered and found to be without merit.

Mercure, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.