■ In the Matter of the Claim of YELENA BORGEAT, Respondent, v C & A BAKERY, Appellant, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [933 NYS2d 753]—

Mercure, J.P.

In October 2006, claimant's husband (hereinafter decedent) was employed as a delivery driver for the employer. On a Saturday afternoon, after his regularly scheduled work shift had concluded, decedent was involved in a motor vehicle accident that resulted in his death. Alleging that decedent was on an errand for the employer after his regular work hours, claimant sought workers' compensation death benefits. Following lengthy proceedings, a Workers' Compensation Law Judge determined that decedent's death was causally related to his employment and awarded death benefits. Upon review, the Workers' Compensation Board affirmed that decision, and the employer now appeals.

We affirm. For an employee to be entitled to workers' compensation benefits, an injury must arise out of and in the course of employment and, generally, injuries sustained while traveling to and from a place of employment are not compensable (see Workers' Compensation Law § 10 [1]; Matter of Carroll v Fagan, Inc., 82 AD3d 1463, 1463 [2011]; Matter of Davis v Labor Ready, 69 AD3d 1214, 1215 [2010]). However, an exception exists when the employee is performing a "special errand" that was both encouraged by the employer and from which it

derived a benefit (*Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 478 [1995]; *see Matter of Davis v Labor Ready*, 69 AD3d at 1215). Inasmuch as the compensability of an injury "turns on the facts of a given case, the . . . Board is afforded 'wide latitude' in deciding whether the employee was engaged in a special errand" (*Matter of Neacosia v New York Power Auth.*, 85 NY2d at 478, quoting *Matter of Richardson v Fiedler Roofing*, 67 NY2d 246, 249 [1986]; *see Matter of Gioia v Middletown School Dist.*, 48 AD3d 841, 842 [2008]).

Here, testimony by both the employer and decedent's family established that, on occasion, the employer would request that decedent deliver special order cakes to a certain restaurant on his way home from work. The record establishes that the site of the accident was a two-minute drive from the restaurant to which decedent would deliver the cakes. Furthermore, decedent was traveling that day in an automobile borrowed from a friend, and both the friend and decedent's daughter testified that, upon inspecting the car after the accident, they discovered a cake box bearing the name of the bakery that made the special order cakes. Thus, substantial evidence supports the Board's determination that decedent's death arose out of and in the course of his employment.

Spain, Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.