*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 17, 2016                    521899
_____

In the Matter of the Claim of
    CAL PITTNER,
                        Claimant,
        and

FRANCESCA BECCARI,                          MEMORANDUM AND ORDER
                    Appellant,
        v

ST. GOBAIN CORPORATION et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  October 17, 2016

Before:  Egan Jr., J.P., Rose, Clark, Mulvey and Aarons, JJ.

                    _____


        William Chen, Williamsville, for appellant.

        Hamberger & Weiss, Buffalo (Renee E. Heitger of counsel),
for St. Gobain Corporation and another, respondents.

                    _____


Mulvey, J.

        Appeal from a decision of the Workers' Compensation Board
filed January 7, 2015, which ruled that decedent's death did not
arise out of and in the course of his employment and disallowed
the claim for workers' compensation death benefits.

        On November 3, 2010, David Pittner (hereinafter decedent),
who worked for the St. Gobain Corporation as a Director of Human

Resources, died inside of his apartment located in Erie County. Thereafter, a claim for workers' compensation death benefits was filed. Following hearings, a Workers' Compensation Law Judge found that decedent's death arose out of and in the course of his employment while traveling for his employer. Upon administrative review, a majority decision of the Workers' Compensation Board affirmed; one Board panel member dissented. The employer requested mandatory full Board review of the Board's decision. Following such review, the full Board, finding that decedent's death did not arise out of and in the course of his employment, reversed the decision of the Board panel and disallowed the claim for death benefits. This appeal ensued.

We affirm. It is well settled that, although an employee's death is compensable under the Workers' Compensation Law if it arises out of and in the course of employment, injuries sustained during travel to and from the place of employment are not compensable (see Matter of Neacosia v New York Power Auth., 85 NY2d 471, 474-475 [1995]; Matter of Bednarek v Caring Professionals Inc., 111 AD3d 997, 997 [2013]; Matter of Duffy v Taconic Correctional Facility, 41 AD3d 923, 924 [2007]). Exceptions to this rule, however, exist (see Matter of Neacosia v New York Power Auth., 85 NY2d at 475). Relevant here, "injuries sustained by an employee while traveling in the business of his employer [are] compensable if they occurred while the employee was actually acting in furtherance of his employer's business" (Matter of Capizzi v Southern Dist. Reporters, 61 NY2d 50, 52 [1984]) or if the "employee's home, because he or she so customarily works there, has achieved the status of an additional place of employment" (Matter of Kirchgaessner v Alliance Capital Mgt. Corp., 39 AD3d 1096, 1097 [2007]; Matter of Neacosia v New York Power Auth., 85 NY2d at 475; Matter of Bobinis v State Ins. Fund, 235 AD2d 955, 956 [1997]; Matter of McRae v Eagan Real Estate, 170 AD2d 900, 901 [1991]).[1]

_____

[1]   Inasmuch as decedent did not die while in transit to a work site or location, the outside-employee exception to the general rule that injuries sustained during travel to and from the place of employment are not compensable is not applicable here (see Matter of Bednarek v Caring Professionals Inc., 111

Decedent maintained a primary residence in Arizona as well as a residence in Worcester, Massachusetts. Upon accepting a new position with his employer in 2009, decedent continued to maintain his residence in Arizona but left his residence in Worcester to relocate to Erie County, where he leased an apartment that he furnished as a private residence. When he stayed at this apartment, decedent was neither reimbursed for his living expenses nor for the cost of the apartment. While decedent's job responsibilities required him to travel often to other locations, the record evidence reflects that he spent approximately half of his time in Erie County, which afforded him the opportunity to visit his son who also lived in western New York. Decedent's son also maintained a bedroom in the apartment where he stayed when he visited decedent in Erie County. Significantly, at the time of decedent's death, he had been working in his new position and maintaining his apartment in Erie County for approximately one year and nine months, and the record evidence does not substantiate claimant's contention that decedent was, at the moment of his passing, engaged in travel or work-related activity for his employer (see Matter of Duffy v Taconic Correctional Facility, 41 AD3d at 925; Matter of Wilson v Detroit Hockey Club, 104 AD2d 168, 170 [1984], affd 66 NY2d 848 [1985]). Nor do we find that the record evidence demonstrates that decedent so regularly performed work for the employer at home that such residence achieved the status as a place of employment or "part of the employer's premises" (Matter of Bobinis v State Ins. Fund, 235 AD2d at 956; see Matter of Kirchgaessner v Alliance Capital Mgt. Corp., 39 AD3d at 1097-1098; compare Matter of McRae v Eagan Real Estate, 170 AD2d at 901). Viewing the record evidence in its entirety, we find that substantial evidence supports the full Board's determination that decedent's death did not arise out of or in the course of his

---

AD3d at 997; Matter of Rodriguez v Retail Maintenance Serv., Inc., 16 AD3d 993, 994 [2005]). Similarly, nor are the special-errand or dual-purpose exceptions applicable under the factual circumstances of this case (see Matter of Neacosia v New York Power Auth., 85 NY2d at 475 n [1995]; Matter of Borgeat v C & A Bakery, 89 AD3d 1296, 1296-1297 [2011]; Matter of Davis v Labor Ready, 69 AD3d 1214, 1215 [2010]).

employment and that his death is therefore not compensable under the Workers' Compensation Law.

Egan Jr., J.P., Rose, Clark and Aarons, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court