Matter of Rodriguez v New York City Tr. Auth. (2018 NY Slip Op 03887)





Matter of Rodriguez v New York City Tr. Auth.


2018 NY Slip Op 03887


Decided on May 31, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2018

525845

[*1]In the Matter of the Claim of ROSEMARY RODRIGUEZ, Appellant,
v
NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 1, 2018

Before: Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ.


Geoffrey Schotter, New York City, for appellant.
Foley, Smit, O'Boyle & Weisman, Hauppauge (Theresa E. Wolinski of counsel), for New York City Transit Authority, respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed January 17, 2017, which ruled that claimant's injuries did not arise out of and in the course of her employment and denied her claim for workers' compensation benefits.
Claimant was employed as a train conductor for the self-insured employer, assigned on weekends to the 180th Street station in New York City and scheduled to start her shift at 6:05 a.m.. At 5:10 a.m. on Saturday, January 30, 2016, claimant was
waiting for a train at a station through which she was passing
en route to her assigned workplace, when another passenger asked to be admitted into the station without paying. After she told him that she could not open the gate to let him in, he jumped the turnstile and assaulted her, causing multiple injuries including to her face, head, neck and back. Claimant applied for workers' compensation benefits, which a Workers' Compensation Law Judge denied, finding that the injuries did not arise out of and in the course of her employment. Upon review, the Workers' Compensation Board, with one judge dissenting, affirmed. This appeal ensued.
"An injury is only compensable under the Workers' Compensation Law if it arose out of [*2]and in the course of a worker's employment and, in general, injuries sustained in the course of travel to and from the place of employment do not come within the statute" (Matter of Carroll v Fagan, Inc., 82 AD3d 1463, 1463 [2011] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 10 [1]; Matter of Pittner v St. Gobain Corp., 144 AD3d 1348, 1348 [2016], lv denied 29 NY3d 919 [2017]). Injuries incurred while commuting to work are generally not covered because "the risks inherent in traveling to and from work relate to the employment only in the most marginal sense" (Matter of Lemon v New York Tr. Auth., 72 NY2d 324, 326-327 [1988] [internal quotation marks and citation omitted]). There are recognized exceptions but, here, substantial evidence supports the Board's determination that claimant's injuries sustained while commuting are not compensable, as none of the relevant exceptions to this rule applies (see Matter of Neacosia v New York Power Auth., 85 NY2d 471, 475, 478 [1995]).
According to claimant, the assault occurred almost an hour before the start of her shift, on her way to work, before signing in at her assigned station as required at the start of her shift. The employer neither encouraged nor benefitted from her commute route. Thus, at the time of the assault, claimant was not yet on duty or at her assigned station and was not performing any duties of her employment or undertaking an errand for the employer (see Matter of Neacosia v New York Power Auth., 85 NY2d at 475-478; Matter of Slack v Livingston-Wyoming ARC, 294 AD2d 716, 718 [2002], lv dismissed 98 NY2d 727 [2002], appeal dismissed 100 NY2d 591 [2003]; Matter of Coningsby v New York State Dept. of Correction, 245 AD2d 1009, 1010 [1997]; compare Matter of Borgeat v C & A Bakery, 89 AD3d 1296, 1296-1297 [2011]; Matter of Dziedzic v Orchard Park Cent. School Dist., 283 AD2d 878, 878-879 [2001]). Although claimant had opted to wear her work uniform on her commute, she was not required to do so, nor was she required to use public transportation to get to work. The employer provided a transportation pass, but there was no evidence that it was contractually bound to provide free transit, and the use of the pass did not make claimant's commute a part of her employment (see Matter of Lemon v New York Tr. Auth., 72 NY2d at 328-329)[FN1]. Rather, at the relevant time, claimant was a commuter using the subways like the general public and, while she was on property owned and operated by the employer, substantial evidence supports the Board's determination that this did not establish a casual connection between her employment and the assault (see id. at 330). While injuries sustained as a result of a work-related assault may be compensable, the record supports the Board's conclusion that there was an insufficient nexus between claimant's employment and uniform and the motivation for the assault (compare Matter of Seymour v Rivera Appliances Corp., 28 NY2d 406, 409 [1971]; Matter of Mosley v Hannaford Bros. Co., 119 AD3d 1017, 1017-1018 [2014]).
The Board also rationally rejected the dual purpose exception to the "going and coming rule," which applies "when an employee is injured in transit to or from a location off the employer's premises when the employee's presence at that location served both a business and personal purpose" (Matter of Neacosia v New York Power Auth., 85 NY2d at 475 n and 477). Claimant's commute served her personal interest in getting to work. There is no evidence that the method or route she chose served any business purpose, or that the employer benefitted from that route (see Matter of Gabriele v Educational Bus Transp., Inc., 17 AD3d 910, 911 [2005]; compare Matter of Slack v Livingston-Wyoming ARC, 294 AD2d at 718). We have considered claimant's remaining contentions and, to the extent they were preserved, we find that they are [*3]without merit.
McCarthy, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The record does not reflect whether the transit pass was provided to claimant free of charge or if she was permitted to use it when not commuting to work.