Matter of Wright v Nelson Tree Serv. (2020 NY Slip Op 02312)





Matter of Wright v Nelson Tree Serv.


2020 NY Slip Op 02312


Decided on April 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 16, 2020

529723

[*1]In the Matter of the Claim of Christopher Wright, Claimant,
v
Nelson Tree Service et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: February 21, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Colangelo, JJ.


Cipriani & Werner, PC, Iselin, New Jersey (Marc Neuman of counsel), for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed January 15, 2019, which ruled that claimant sustained an accidental injury arising out of and in the course of his employment.
Claimant, who resided in St. Lawrence County, worked for a tree service company and, at all times relevant, was assigned to work at various locations in and around Dutchess County clearing brush and trimming trees along power lines. Due to the travel distance involved, claimant was afforded the option of staying in a local hotel for the work week, which he elected to do, and the employer paid claimant a $65 per diem at the end of each week to defray his food and lodging expenses. Each morning, claimant and his coworkers would drive from the hotel to the parking lot where the employer's bucket trucks were stored, pick up one of the trucks and proceed to the designated work site. While en route to the parking lot on the morning in question, claimant was involved in a motor vehicle accident, as a result of which he sustained, among other things, a traumatic brain injury. Claimant's subsequent claim for workers' compensation benefits was controverted by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) upon the ground that claimant's accident did not arise out of and in the course of his employment. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) agreed with the carrier and disallowed the claim. Upon administrative appeal, the Workers' Compensation Board reversed, finding that claimant sustained an accidental injury arising out of and in the course of his employment. This appeal by the carrier ensued.
"An injury is only compensable under the Workers' Compensation Law if it arose out of and in the course of a worker's employment and, in general, injuries sustained in the course of travel to and from the place of employment do not come within the statute" (Matter of Rodriguez v New York City Tr. Auth., 161 AD3d 1501, 1501-1502 [2018] [internal quotation marks and citations omitted], lv denied 32 NY3d 916 [2019]; see Matter of Neacosia v New York Power Auth., 85 NY2d 471, 474-475 [1995]; Matter of Rodriguez v Retail Maintenance Serv., Inc., 16 AD3d 993, 994 [2005]). One of the exceptions to this general rule exists for outside employees "who, as a distinguishing feature of their employment, have no fixed work site and are required to travel between job locations" (Matter of Carpio v R & J Insulation Co., 269 AD2d 678, 679 [2000] [internal quotation marks and citation omitted], lv dismissed 95 NY2d 791 [2000]; see Matter of Bednarek v Caring Professionals Inc., 111 AD3d 997, 997-998 [2013]; Matter of Rodriguez v Retail Maintenance Serv., Inc., 16 AD3d at 994; Matter of Estate of DeRosa v Evans Plumbing & Heating Co., 277 AD2d 619, 620 [2000], lv dismissed 96 NY2d 792 [2001], lv dismissed and denied 98 NY2d 643 [2002]). That exception, however, does not apply "where the worker is required to report to a fixed location before commencing work" (Matter of Barnard v Lockport Union Sun & Journal, 92 AD2d 663, 663 [1983], lv denied 60 NY2d 552 [1983]; see Matter of Bennett v Marine Works, Inc., 273 NY 429, 431 [1937]; Matter of Blackley v City of Niagara Falls, 284 App Div 51, 53 [1954]). The WCLJ determined that claimant did not qualify for the outside employee exception because the accident occurred while claimant was en route from the hotel to the same bucket truck location he traveled to and from each day. Secondarily, the WCLJ observed that claimant was not required to stay in the hotel and could have commuted from home.
In reversing the WCLJ's determination, the Board applied a different exception applicable to employees who are required to travel by their employer. Under the traveling employee exception, "injuries to a traveling employee may be compensable even if the employee at the time of the accident was not engaged in the duties of his [or her] employment," provided that the employee is engaged in a reasonable activity (Matter of Capizzi v Southern Dist. Reporters, 61 NY2d 50, 52-53 [1984]). We are not persuaded by the carrier's contention that the Board erred in applying this exception. The Board observed that claimant was working in an area about a 5½-to 6-hour drive from home. Although the employer's supervisor testified that claimant was not required to stay at the hotel, he agreed that it would not have been practical for claimant to commute from home. All of claimant's coworkers, including the general foreman, stayed at the hotel. Under these circumstances, the Board determined that claimant's status as an employee continued throughout his stay away from home. As claimant was engaged in a reasonable activity at the time of the accident, the record provides substantial evidence for the Board's conclusion that claimant's injuries arose out of and in the course of his employment (see id. at 53-54).
Egan Jr., J.P., Devine, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.