■ In the Matter of the Claim of ETHEL RUTAN, Respondent, against RUTAN ASSOCIATES, INC., et al., Appellants, and TRAVELERS INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board which modified a Referee's decision assessing liability for death benefits against the appellants and Travelers Insurance Company, respondent. The board determined the liability was the sole responsibility of the appellant State Insurance Fund. The employer, engaged in demolishing buildings, had a compensation policy — including coverage on executive personnel — with the State Insurance Fund since 1950. On August 12, 1957, the decedent, president of the corporation, while inspecting a building to be demolished, fell from the fifteenth floor, receiving injuries which resulted in his death. The employer filed a report with the State Insurance Fund which subsequently controverted the claim, contending the Travelers Insurance Company was liable. The State Insurance Fund policy purported to cover all operations of the employer originating at its office located at 60 East 42nd Street and its yards located on 23rd Street, Long Island City. From time to time as the company started working at a new location, notice would be sent to the carrier who in turn issued a certificate. There were many reasons for such procedure, including the establishing of a rate, and the company does not contest that its policy covered the decedent under the circumstances herein, to wit, making an estimate or appraisal in anticipation of a contract of demolition. Some time prior to the accident, the employer procured a policy with the Travelers for the demolition of 45-49 Wall Street and which —

according to a letter from the employer to the State Insurance Fund — work had been completed in July, 1957 and the policy cancelled. The State Insurance Fund had knowledge of this policy and in January, 1957, by way of indorsement excluded the work at 45-49 Wall Street from the terms and conditions of its policy. The sole grounds advanced as to the liability — in whole or in part — under the Travelers policy concerns " Item I " which sets forth the name of the insured and its address " 60 East 42nd St., New York, N. Y." Thereafter the policy further stated : " Locations — All usual work places of the insured at or from which operations covered by this policy are conducted are located at the above address unless otherwise stated herein. 45-50 Wall St., New York, N. Y." The board in its interpretation of the facts and law applicable hereto made a proper finding and determination. The strict interpretation of the terms of the Travelers policy, as suggested by the State Insurance Fund, is too narrow and restrictive under the facts as established herein. The record clearly and unqualifiedly demonstrated the Travelers policy was written for one location — 45-49 Wall Street — and no other. The accident not happening there, the company was not liable. The record further shows that the policy of the State Insurance Fund — which might be referred to as a master policy — was intended for general, over-all protection of the employer, including its executives and this is further acknowledged when the State Insurance Fund — by indorsement — specifically excluded 45-49 Wall Street from the terms of its policy. The case relied upon (*Matter of Otterbein* v. *Babor & Cameau Co.*, 272 N. Y. 149) — cancellation of insurance policy — affords no relief to the contention of the appellants. Decision of Workmen's Compensation Board unanimously affirmed, with costs to the respondent Travelers Insurance Company. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.