■ In the Matter of the Claim of ELIZABETH A. CORNELIUS, Respondent, v. HARRY C. BROCK et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by employer and its insurance carrier from an award of death benefits, appellants contending (1) that decedent's fatal automobile accident did not arise out of and in the course of the employment and (2) that claimant widow had abandoned decedent and accordingly is not a "legal wife" entitled to benefits, within the statutory definition (Workmen's Compensation Law, § 16, subd. 1-a). Decedent, a resident of Ithaca, for about 10 years prior to his death had been employed as a painter by the employer, a building contractor located in Ithaca, whose work was principally in Ithaca and vicinity and who, in fact, had never undertaken a job outside New York State prior to his undertaking a contract to remodel a lodge at Conrad, Pennsylvania, some 120 miles from Ithaca, from which job decedent was returning, as a passenger in an automobile owned and operated by a fellow employee on the job, when the accident causing death occurred. The work required two weeks

to complete and on each Monday the employer and his work crew, including decedent, traveled from Ithaca to the job site, the employer furnishing lodging and meals there during the week, and he and the crew returning to Ithaca after work on Friday. The employer undertook to and did furnish transportation from Ithaca to the job site and return in one of his business vehicles but decedent and his fellow employee Smith, with the employer's approval, chose to ride in Smith's automobile which Smith wished to have with him in case he might not, because of his physical condition, be able to stay until the week's work was finished. Decedent and the other employees were paid for a 40-hour week " with travel one way ", as one of the workmen expressed it, meaning, in this case, that the work week started at 8:00 A.M. on Monday when the crew left Ithaca on the two-hour trip to Conrad and ended at 4:30 P.M. on Friday, when the work at the job site at Conrad ended; with the result that the work consumed 38 hours but the employees were also paid for one half of their four hours' travel time. As appellants would have it, decedent and the others were paid for travel time to Conrad and not for the time required for the return journey, but the largely semantic distinction appears unimportant; and it seems rather clear that an employee in accepting or declining the job would calculate the benefit in terms of total travel time. The employer's arrangement for actual transportation, optional with the employees though it was, or became, and the agreement to make some payment for travel time, sufficiently mark the travel as work-connected and indicate implicit agreement that the journey would be a part of the job (*Matter of Coressmann* v. *Moran & Sons,* 4 A D 2d 712, 713; and see *Matter of Macaluso* v. *Alexander, Shumway & Utz Co.,* 11 A D 2d 838, mot. for lv. to app. den. 8 N Y 2d 708). In such a case the travel becomes " in itself a substantial part of the service for which the worker is employed." (1 Larson, Workmen's Compensation Law, § 16.00.) Indeed, it would be difficult to rationalize any contrary inference, in view of the long and unaccustomed travel, some 120 miles from the usual and established locus of the employment, and the absence from home for two work weeks, during which the employer furnished maintenance; and particularly so in the light of the modern authorities extending the aegis of the employment to the normal activities of employees called upon to work far from home. (See, e.g., *Matter of Schreiber* v. *Revlon Prods. Corp.,* 5 A D 2d 207.) If we were to accept appellants' perhaps unreasonable distinction that only the Monday morning journeys to Conrad were compensated for, the result would be no different, for the journey to Conrad was in each case clearly within the employment (see *Macaluso, supra; Coressmann, supra*) and " Of that journey the homeward journey was a necessary counterpart. If [decedent's] employment caused the former it equally caused the latter." (*Gibbs* v. *Macy & Co.,* 214 App. Div. 335, 336, affd. 242 N. Y. 551; *Matter of Epstein* v. *Cort Watch Co.,* 7 A D 2d 663, 664, mot. for lv. to app. den. 5 N Y 2d 709.) Appellants mistakenly rely on *Matter of Guido* v. *Terra-Rube Constr. Co.* (7 A D 2d 554, affd. 10 N Y 2d 858), which involved a lunch hour accident and is in no way apposite, for, as (then) Justice Bergan wrote in *Schreiber* (5 A D 2d 207, 208, *supra*): " An evaluation of the New York cases on the subject suggests that the restrictive rules governing departure from employment to be found in cases of inside employees going away from employer's premises for lunch, for example, do not apply to traveling workers whose employment activities carry them far from home." Appellants' additional contention — that claimant widow had abandoned decedent and is thus deprived of benefits — is without factual or legal basis. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, Reynolds and Staley, Jr., JJ., concur with Gibson, P. J.