■ In the Matter of the Claim of LOUIS DI MATTEO, Respondent, v. T. M. DUCHE & SON et al., Appellants, and LIBERTY MUTUAL INSURANCE CO., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal from a decision of the Workmen's Compensation Board, filed January 22, 1969. The sole issue on this appeal involves the liability of two insurance carriers. Claimant worked for the employer from 1927 to May 12, 1967. For several years prior to 1949, claimant had worked on a grinding machine in a noise-laden environment, and as a result, he developed an ear problem. Although he was taken off this machine in June, 1949, and was given other work, he still came in contact with noisy machines. In 1962 claimant filed a claim based upon a damaged ear drum. The Referee closed the case because he was still employed by the same employer. Claimant left his employment on May 12, 1967, and thereafter the case was reopened and restored to the calendar. Appellant became the employer's insurance carrier on January 1, 1967. Prior to that date, the employer was covered by the respondent carrier. The board held appellant liable for the award, holding, pursuant to section 49-bb of article 3-A of the Workmen's Compensation Law, that the date of disablement was November 12, 1967, six months after claimant's separation from his employment, and since the date of disablement is considered the accident, the carrier then on the risk was responsible for the award. When only one employer is involved, the general rule is that the carrier on the risk on the date of disablement is responsible for the award (*Matter of Lumsden* v. *Despatch Shops,* 5 A D 2d 242). Appellant's contention that *Matter of Bakke* v. *Bushey & Son* (5 A D 2d 909) is controlling, is without merit. The *Bakke* case was decided prior to the effective date of article 3-A, and at a time when the board

had discretionary power to fix the date of disablement. Under article 3-A, the board has no discretion as to the date of disablement. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.