849 P.2d 382

**Elivorio ARIAS, Claimant–Appellant,**

v.

**AAA LANDSCAPING and Mountain States Mutual Casualty Company, Respondents–Appellees.**

No. 14118.

Court of Appeals of New Mexico.

Feb. 10, 1993.

Certiorari Denied March 24, 1993.

Gerald A. Hanrahan, Chavez Law Offices, Albuquerque, for claimant-appellant.

Robert Bruce Collins, Albuquerque, for respondents-appellees.

*Opinion*

MINZNER, Chief Judge.

Worker appeals an order of summary judgment entered in favor of Employer. Worker challenges the workers' compensation judge's (WCJ) determination that the facts of his case do not fall within any recognized exceptions to the going and coming rule. Our first and second calendar notices proposed affirmance. Worker filed timely memoranda in opposition to both calendar notices. Not being persuaded by Worker's memoranda, we affirm.

*Facts.*

Employer owns a landscaping business in Albuquerque, and Worker was employed by the business. During the off-season, Employer asked Worker if he wanted a job assembling Christmas wreaths. The job involved travelling to Rociada, a small town outside of Las Vegas, New Mexico. Employer agreed to provide its employees with transportation to and from Rociada. Specifically, the employees were transported in Employer's truck to Rociada the beginning of each week, where they worked Monday through Friday. Employer paid for their lodging and living expenses during the week. On Fridays, the employees returned to Albuquerque in Employer's truck. The employees were usually paid an hourly wage for their travel time.

One Friday, Worker asked Employer if he could leave the job early and return to Albuquerque in a car owned by a coworker.

Employer allowed Worker to leave. During the trip home the car slid off the highway due to ice, and Worker was injured in the accident. It is undisputed that Worker had Employer's permission to leave the work place early. It is also undisputed that Worker was not paid his hourly wage for the return trip to Albuquerque on the day of the accident.

Worker sought workers' compensation benefits for his injuries. Employer filed a motion for summary judgment, arguing that Worker was not injured in the scope and course of his employment. The WCJ entered summary judgment in favor of Employer.

*Discussion.*

In effect, Worker relies on case law recognizing that a worker's journey to or from work in his or her employer's conveyance is within "the course of his [or her] employment." *See* NMSA 1978, § 52–1–28(A) (Repl.Pamp.1991). The rationale underlying such cases is that "the risks of the employment continue throughout the journey." 1 Arthur Larson, *Workmen's Compensation Law* § 17.00 at 4–209 (1992).

In his second memorandum in opposition, Worker argues that a New York decision supports his argument that he is entitled to compensation. 1 Larson, *supra*, § 17.13, at 4–222 to –224. In *Cornelius v. Brock*, 27 A.D.2d 604, 275 N.Y.S.2d 632 (1966), the worker, who was killed in a car accident, travelled 120 miles from his city of residence to the job site. The employer usually provided transportation, and the workers were paid hourly for their trip to the job site, but not for the return trip. At the time of the accident, the worker was returning from the job site with another employee who had been given permission by the employer to take his own car to and from the job site. The *Cornelius* court held that the worker's widow was entitled to compensation because the travel to and from the job site had become a substantial part of the service performed for the employer. The court stated it was immaterial that the workers were not compensated for the return trip home.

*Cornelius* is factually distinct from the present case. The employer in that case

sanctioned the worker's riding with another employee; essentially, the employer provided alternate transportation for the worker by allowing him to ride with another employee during the regular commuting schedule. In contrast, Worker in the present case asked permission to leave early and travel with another employee, which Employer allowed. Worker chose not to use Employer's transportation, and left early from work for personal reasons. *See generally* 1 Larson, *supra*, § 17.13. "If there is nothing more in the facts than the bare availability of transportation in the employer's conveyance, which privilege the employee forgoes in favor of using his own car, motorcycle, or bicycle, compensation has been denied." *Id.* at 4–221 (footnotes omitted).

Insofar as Worker argues that the second calendar notice did not address the "special errand" rule, we believe the present case is distinguishable from special errand cases. In *Edens v. New Mexico Health & Social Services Department*, 89 N.M. 60, 547 P.2d 65 (1976), the worker was killed travelling from Santa Fe after attending training required by her employer. In *Avila v. Pleasuretime Soda, Inc.*, 90 N.M. 707, 568 P.2d 233 (Ct.App.1977), the worker was injured shortly after making a bank deposit that she made daily for her employer. Compensation was awarded in both cases because the employers required the workers to perform tasks outside the work place. Here, while Worker was required to travel a distance to the job site, the accident occurred during a trip home that was unrelated to any task requested by Employer.

The present case is analogous to *Martin v. Cumberland County Commissioners' Manpower Department*, 395 A.2d 1172 (Me.1979). In *Martin*, the worker was injured in a car accident when her employer gratuitously allowed her to leave work early because of a severe winter storm. Compensation was denied because the trip was purely personal. Worker in the present case left the job early for personal reasons; therefore, his injuries are not compensable under recognized exceptions to the going and coming rule.

In his second memorandum in opposition, Worker continues to argue that his case is similar to *Wilson v. Rowan Drilling Co.*, 55 N.M. 81, 227 P.2d 365 (1950). While Worker is correct that the *Wilson* Court did not require that hourly compensation be paid, as part of employment, for the time the worker travelled to the job, significantly, the deceased employee in *Wilson* had been required, as part of his employment, to transport a crew to and from the job site. According to *Wilson*, the exceptions to the going and coming rule apply when a worker (1) must travel to and from work using transportation supplied by an employer, or is paid in wages by the employer for travel time to and from work; or (2) is " 'charged with some duty or task in connection with his [or her] employment,' " on the way to or from work. *Id.* at 92, 227 P.2d at 372 (quoting *Gallman v. Spring Mills*, 201 S.C. 257, 22 S.E.2d 715, 717–18 (1942)). The worker in *Wilson* was charged with the duty of delivering a crew to the job site every day, and was killed in an accident while doing so. In contrast, in the present case, Worker was injured during a non-routine or unusual trip at a time when he was not being paid for travel time, and when he was not performing a job duty for Employer. Thus, *Wilson* is inapplicable in the present case.

*Conclusion.*

Based on the foregoing, we conclude that disposition of this appeal on the summary calendar is appropriate. *See Garrison v. Safeway Stores*, 102 N.M. 179, 179–80, 692 P.2d 1328, 1328–29 (Ct.App.) (disposition on summary calendar appropriate where there is no reason for filing a transcript and application of legal principles to facts is clear), *cert. denied*, 102 N.M. 225, 693 P.2d 591 (1984). The order granting summary judgment is affirmed.

IT IS SO ORDERED.

DONNELLY and BIVINS, JJ., concur.