■ In the Matter of the Claim of JAMES SENAY, Respondent, v BH MOTTO & COMPANY INC. et al., Appellants. NATIONAL UNION FIRE INSURANCE COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [703 NYS2d 297] —Mercure, J. P. Appeals from two decisions of the Workers' Compensation Board, filed December 16, 1997 and September 9, 1998, which, *inter alia*, ruled that the State Insurance Fund was liable for an award of workers' compensation insurance benefits to claimant.

Claimant, an outside worker for a plumbing contractor, was injured in an automobile accident while traveling from his home to work at Intermediate School 52 (hereinafter I.S. 52) in Manhattan. The employer was performing work at I.S. 52 pursuant to a contract with the New York City School Construction Authority (hereinafter the Authority). At the time of claimant's accident, the State Insurance Fund (hereinafter SIF) provided workers' compensation insurance coverage to the employer. SIF's policy contained an exclusion for work performed at "I.S. 52 Staten Island N. Y." National Union Fire Insurance Company provided workers' compensation insurance coverage for workers at the Authority's projects and its policy specifically covered work at "I.S. 52". After claimant was awarded workers' compensation insurance benefits, a dispute arose regarding which insurer was liable for those benefits. The Workers' Compensation Board ruled that SIF was liable, resulting in this appeal by SIF.

Applying a strict construction, the Board concluded that there was an ambiguity which it resolved by concluding that National's policy covered the work site excluded by SIF, "I.S. 52 Staten Island N. Y.", while SIF's policy covered I.S. 52 in Manhattan. SIF contends that there is only one I.S. 52 and

that the reference to Staten Island was a mistake that should be ignored. Nevertheless, in view of the general rule that exclusions "are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311), we find nothing irrational in the Board's interpretation of the relevant policy provisions.

Relying on its conclusions that National provided "wrap up" coverage to designated Authority projects and that SIF provided primary general workers' compensation coverage to the employer, the Board also ruled that SIF would be liable even if its exclusion and National's coverage were applicable to the employer's I.S. 52 work site in Manhattan. According to the Board, National's coverage was limited to injuries at the designated work site while SIF's general coverage applied to injuries to an outside worker off the designated work site. Based upon the absence of its policy from the record and the absence of evidence that the employer had no other workers' compensation insurance coverage, SIF contends that the Board could not rationally conclude that SIF was the primary insurer. Neither SIF nor any other party, however, raised an issue of coverage other than that provided by National and SIF. Thus, we find nothing irrational in the Board's conclusion that, as between those two insurers, National provided limited coverage and SIF provided general coverage. With regard to the absence of SIF's policy, we note that, at hearings held on February 16, 1994 and August 2, 1994, SIF was directed to produce the policy and, in a Board decision filed June 27, 1996 restoring the case for further development of the record, both insurers were directed to appear with the relevant policies. National produced its policy while SIF provided only the exclusion.

SIF also contends that liability for benefits to an outside employee should be imposed on the insurer that covers the work site to which the employee was traveling at the time of the injury. While such an interpretation of the parties' respective coverages is reasonable, it cannot be said that the Board's decision to rely instead on the distinction between limited and general coverage in assessing liability arising out of the off-site injury was irrational (*see, Matter of Rutan v Rutan Assocs.*, 10 AD2d 657).

Spain, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the decisions are affirmed, without costs.