■ In the Matter of the Claim of CESAR OVANDO, Respondent, v HANOVER DELIVERY SERVICE, INC., Respondent, and AMERICAN MOTORISTS INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [786 NYS2d 608]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed July 3, 2003, which ruled that American Motorists Insurance Company is the proper workers' compensation carrier for Hanover Delivery Service, Inc. in New York.

Claimant filed a claim for workers' compensation benefits after he sustained a work-related injury to his left arm while

delivering furniture for Hanover Delivery Service, Inc. (hereinafter the employer). At the time of claimant's injury, American Motorists Insurance Company provided workers' compensation insurance to the employer and the State Insurance Fund provided workers' compensation insurance to Hanover Moving & Storage, Inc., a different company located at the same address as the employer.* As a result, the two companies were placed on notice as possible insurance carriers for the employer. American Motorists controverted the claim alleging that, under the terms of its policy, it did not provide coverage for the employer in New York and only provided coverage in New Jersey. The State Insurance Fund controverted the claim alleging that American Motorists was the proper carrier. Following various hearings, a Workers' Compensation Law Judge ruled that American Motorists was the proper carrier. American Motorists filed an application for review. The Workers' Compensation Board concluded that there was an ambiguity which it resolved in favor of coverage and affirmed the Workers' Compensation Law Judge's determination. American Motorists appeals.

We affirm. Exclusions in workers' compensation insurance coverage " 'are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction' " (*Matter of Senay v BH Motto & Co.*, 269 AD2d 647, 648 [2000], quoting *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]). In support of its contention that the policy excludes coverage for claims made in New York and only covers claims made in New Jersey, American Motorists submitted the first page of what appears to be a five-page "liability policy information page" and not, as directed by the Board, the full policy. Upon this evidence, we agree with the Board that the policy information page is ambiguous. Item 1 lists the employer's name along with two New Jersey mailing addresses and states that "[a]ll usual work places of the [employer] at or from which operations covered by this policy are conducted or located at the above address unless otherwise stated herein." Item 2 contains the policy period and item 3.A states that "Part One of the policy applies to the Workers['] Compensation Law of the states listed here: NJ." Item 3.B contains the monetary amounts of coverage and item 3.C provides, "Other states insurance: Part Three of the policy applies to the states, if any, listed here: all except those listed in item 3A and ND, OH, WA, WY, WV, AL, NY." Given that the policy information page includes New

---

* American Motorists Insurance Company is part of the Kemper Insurance Company. The two names are used interchangeably throughout the record.

Jersey under one item and then excludes it under another and, in light of the fact that American Motorists failed to submit the full policy, we find nothing irrational in the Board's interpretation of those policy provisions that it was provided (*see Matter of Senay v BH Motto & Co., supra* at 648).

Mercure, J.P., Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.