■ In the Matter of RYSZARD CHMURA, Respondent, v T&J PAINTING COMPANY, INC., et al., Respondents, and TRAVELERS INDEMNITY COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [881 NYS2d 724]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed July 2, 2008, which ruled that Travelers Indemnity Company was the liable workers' compensation carrier.

The employer is a New Jersey corporation with its sole office located in New Jersey. It maintains New Jersey workers' compensation insurance through Travelers Indemnity Company. Claimant fell while working as a painter for the employer in

New York and filed a workers' compensation claim in this state. Although Travelers argued that its policy did not cover this New York accident, after a hearing a Workers' Compensation Law Judge determined that Travelers was the proper carrier. The Workers' Compensation Board affirmed, finding that the work done by claimant in New York was temporary and, thus, covered under the employer's insurance policy. Travelers appeals.

The employer's New Jersey insurance policy contained a "limited other states insurance endorsement." For Travelers to pay benefits under that endorsement, certain conditions need to be met: the employee claiming benefits must have been hired in New Jersey; at the time of the injury the employee must have been principally employed in New Jersey; the employer must not be required by law to have separate workers' compensation insurance coverage in the state where benefits are being sought; and the work being performed in the other state must be temporary. We agree with the Board's conclusion that the work that claimant was performing was temporary. However, that conclusion does not end the inquiry; all conditions must be met for the policy's endorsement to apply. Because the Board only addressed one condition before holding that Travelers was the proper carrier, we remit for the Board to determine whether all of the policy endorsement's conditions were met (see *Matter of Jansch v Sagamore Children's Fund*, 302 AD2d 851, 853-854 [2003]; *Matter of Mihalaris v UTOG 2-Way Radio*, 299 AD2d 677, 678-679 [2002]).

Cardona, P.J., Spain, Rose and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.