■ In the Matter of BILL HUTCHINSON, Respondent, v LANSING CONDUIT CORPORATION et al., Appellants, and TRAVELERS INDEMNITY COMPANY OF AMERICA et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [891 NYS2d 506]—

Kane, J. 

Claimant asserted that he had sustained work-related hearing loss in both ears and filed the present workers' compensation claim. An investigation revealed that Reliance National Insurance Company had provided workers' compensation insurance coverage to the employer from January to July 1996. The Workers' Compensation Board ultimately determined that the date of claimant's disablement was March 13, 1996 and held that, if the claim is established, Reliance would be the responsible carrier. Reliance and its third-party administrator (hereinafter collectively referred to as Reliance), as well as the employer, appeal.

We affirm. Under Workers' Compensation Law § 49-bb, which addresses work-related hearing problems, "the general rule is that the carrier on the risk on the date of disablement is responsible for the award" (*Matter of Di Matteo v Duche & Son*, 33 AD2d 1089, 1089 [1970]). There is no question that Reliance

issued a workers' compensation insurance policy to the employer for a period that included the date of disablement. It is claimed that this policy contained an exclusion limiting its applicability to claims arising out of contract work performed for a specific entity, which the claim here did not. Reliance did not produce a copy of the policy, however, even though it had been twice directed and once penalized for failing to do so by a Workers' Compensation Law Judge. Indeed, nothing in the record beyond the bare assertions of Reliance's counsel supports the claim that the policy contains an applicable exclusion. As such, we perceive nothing irrational in the Board's finding that the Reliance policy is applicable to this claim (*see Matter of Ovando v Hanover Delivery Serv., Inc.*, 13 AD3d 780, 781-782 [2004]; *Matter of Senay v BH Motto & Co.*, 269 AD2d 647, 647-648 [2000]).

The remaining arguments of Reliance and the employer, to the extent they are properly before us, have been examined and found to be without merit.

Mercure, J.P., Spain, Rose and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.