◼ In the Matter of the Claim of RYSZARD CHMURA, Respondent, v T&J PAINTING COMPANY, INC., et al., Respondents, and TRAVELERS INDEMNITY COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [920 NYS2d 814]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed January 22, 2010, which ruled that Travelers Indemnity Company was the liable workers' compensation carrier.

Claimant, a resident of New York, was injured on the job in October 2006 and filed a claim in New York for workers' compensation benefits. Claimant's employer is a New Jersey corporation with its sole office located in New Jersey. At the

time of the accident, claimant was working in New York on a project lasting five or six days.

Travelers Indemnity Company, the employer's workers' compensation carrier when the accident occurred, denied the claim on the basis that the policy in effect at the time did not cover the employer for workers' compensation injuries occurring outside New Jersey. After a hearing, the Workers' Compensation Law Judge held that Travelers was the liable carrier and the Workers' Compensation Board affirmed that determination. On Travelers' previous appeal to this Court, we reversed the decision and remitted the case to the Board (*Matter of Chmura v T&J Painting Co., Inc.*, 64 AD3d 987 [2009]). On remittal, the Board again found that Travelers was the liable carrier and this appeal by Travelers ensued.

We reverse. The issue before us distills to whether, as the employer claims and the Board found, the employer's workers' compensation policy is ambiguous. As relevant here, the policy includes a "limited other states insurance endorsement." That endorsement sets forth three conditions, all of which must be met in order for workers' compensation benefits to be paid. Those conditions require that the employee claiming benefits was employed under a contract of hire made in New Jersey and at the time of the injury was "principally employed" in New Jersey, that the claim for benefits is not being made in a state where the employer is required by that state's law to have insurance coverage by virtue of the employer's operation in that state, and that the claimant's work was temporary. Inasmuch as we have previously held in this case that claimant's employment was temporary (64 AD3d at 988), the third requirement has been conclusively established.

We turn next to the Board's determination that the second condition—that the employer was not required by New York law to obtain separate workers' compensation insurance—is ambiguous. Pursuant to New York law, an employer is required to obtain workers' compensation insurance for its employees working in New York (*see* Workers' Compensation Law § 50). Moreover, the policy endorsement here clearly states on its face, under the caption "IMPORTANT NOTICE," that if the employer "begin[s] operations in any state other than New Jersey, [it] must obtain insurance coverage in that state and do whatever else may be required under that state's law, as this . . . [e]ndorsement does not satisfy the requirements of that state's workers' compensation law." The Board did not articulate what it found to be problematic about this exclusion provision of the endorsement and we find its determination that

such provision is ambiguous to be irrational (*cf. Matter of Ovando v Hanover Delivery Serv., Inc.*, 13 AD3d 780, 781-782 [2004]).

The employer's reliance on the language of the certificate of insurance indicating that "[c]overage is extended to New York" and its contention that such certificate creates an ambiguity are unavailing. The certificate is neither conclusive proof of the existence of a specific contract nor is it a contract, in and of itself (*see Western Bldg. Restoration Co., Inc. v Lovell Safety Mgt. Co., LLC*, 61 AD3d 1095, 1098 [2009]). Furthermore, the policy's information page clearly states that the policy only applies in New Jersey. In addition, the policy indicates that it cannot be changed or waived except by endorsement issued by Travelers as part of the policy, which the certificate of insurance is not.

The employer's remaining contentions have been reviewed and are either academic or without merit.

Spain, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.