■ In the Matter of the Claim of MICHAEL CERBASI, Respondent, v COUNTY METAL & GLASS, INC., et al., Respondents, LEVIN MANAGEMENT CORPORATION et al., Respondents, and NEW JERSEY MANUFACTURERS INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [981 NYS2d 875]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed September 12, 2012, which ruled that New Jersey Manufacturers Insurance Company was responsible for the payment of claimant's workers' compensation benefits.

The employer is a New Jersey business that maintains workers' compensation insurance in that state through New Jersey Manufacturers Insurance Company (hereinafter NJMIC). Claimant worked for the employer at a construction site in New York and, in December 2009, injured his left arm in the course of his employment. Claimant applied for workers' compensation benefits, and a dispute arose as to whether his accident was covered by NJMIC's policy. Following hearings, a Workers' Compensation Law Judge determined that the policy did cover the accident, as New York was not included in a list of states specifically excluded from coverage on the declarations page submitted by NJMIC, and an attempt by NJMIC to amend the policy to add New York to this list about a month before claimant's accident was ineffective. The Workers' Compensation Board affirmed, and NJMIC appeals.

We affirm. Contrary to NJMIC's argument, the Board did not err in failing to make an explicit finding that the policy provided New York coverage prior to the attempted amendment. Such a determination is implicit in the Board's findings that the policy did not identify New York as an excluded state, that NJMIC was required to comply with the cancellation requirements of Workers' Compensation Law § 54 (5) in seeking to exclude New York, and that because the statutory requirements were not followed, the policy provided coverage. As the Board noted, workers' compensation insurance policies extend to all employees who are employed during the policy period in question and not shown to be excluded; exclusions are strictly construed and " 'are not to be extended by interpretation or implication' " (*Matter of Senay v BH Motto & Co.*, 269 AD2d 647, 648 [2000], quoting *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]; *see* Workers' Compensation Law § 54 [4]; *Matter of Daughtrey v Enertex Computer Concepts*, 149 AD2d 872, 873 [1989]). NJMIC argued that claimant's accident was excluded from coverage under the "limited other states' insurance endorsement" that confined the policy's New York coverage to temporarily assigned New Jersey employees. However, no such provision was included in the endorsements that NJMIC supplied; further, despite NJMIC's claim that the limitation was part of the policy's "Other States Insurance" provision, that section of the declarations page merely stated that "Part Three of the policy applies to" covered states—without describing Part Three's contents or mentioning the conditions that it purportedly contains—and Part Three itself was not provided. As NJMIC failed to provide the full policy and failed to demonstrate that its terms excluded claimant's accident, we do not find the Board's refusal to find an effective exclusion irrational (*see Matter of Hutchinson v Lansing Conduit Corp.*, 68 AD3d 1362, 1363 [2009]; *Matter of Ovando v Hanover Delivery Serv., Inc.*, 13 AD3d 780, 781-782 [2004]; *Matter of Daughtrey v Enertex Computer Concepts*, 149 AD2d at 873; *compare Matter of Chmura v T&J Painting Co., Inc.*, 83 AD3d 1193, 1194-1195 [2011]).

Substantial evidence in the record supports the Board's conclusion that NJMIC's attempt to cancel the policy's New York coverage was ineffective because the notice requirements of Workers' Compensation Law § 54 (5) were not followed (*see Matter of Laird v All Pro Air Delivery, Inc.*, 45 AD3d 924, 925-926 [2007]; *Matter of Rue v Northeast Timber Erectors*, 289 AD2d 787, 788-789 [2001], *lv dismissed* 98 NY2d 671 [2002], *lv denied* 99 NY2d 503 [2002]). NJMIC's contention that Workers' Compensation Law § 54 (5) does not apply to a partial cancella-

tion was not raised before the Board, and is thus unpreserved (*see Matter of Brown v New York City Dept. of Correction*, 74 AD3d 1592, 1592 [2010]). The remaining claims have been reviewed and found to be unpersuasive. Accordingly, the Board's decision will not be disturbed.

Peters, P.J., Lahtinen and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.