*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                    518185
_____

In the Matter of the Claim of
    ROSARIO NOBOA,
                        Respondent,

        v

INTERNATIONAL SHOPPES, INC.,                MEMORANDUM AND ORDER
    et al.,
                        Appellants.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____


Calendar Date:  October 7, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Rose and Clark, JJ.

                        _____


        Stewart Greenblatt Manning & Baez, Syosset (David D.
Goldsmith of counsel), for appellants.

        Grey & Grey, Farmingdale (Kevin M. Plante of counsel), for
Rosario Noboa, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Iris
A. Steel of counsel), for Workers' Compensation Board,
respondent.

                        _____


Rose, J.

        Appeal from a decision of the Workers' Compensation Board,
filed February 28, 2013, which ruled that claimant sustained an
accidental injury in the course of her employment and awarded
workers' compensation benefits.

Claimant was a sales associate at the employer's Kennedy Airport store. When the airport and the store closed early and the public transportation that claimant normally took home from the airport was suspended due to a major snow storm, the employer terminated claimant's shift – although she was paid for the remainder of the day – and transported her and other employees from the store using a van with no seats that was ordinarily used to transport merchandise. During the ride, claimant injured her spine as a result of being repeatedly thrown against the van door. In February 2011, claimant filed a claim for workers' compensation benefits, which was controverted by the employer and its workers' compensation carrier. Following hearings, a Workers' Compensation Law Judge disallowed the claim, finding that the injury did not arise out of and in the course of claimant's employment. On appeal, the Workers' Compensation Board reversed and awarded benefits, and the employer and the carrier now appeal.

We affirm. Generally, travel to and from the place of employment is not considered to be within the scope of employment and, thus, injuries sustained during that period are not compensable (see Matter of Borgeat v C & A Bakery, 89 AD3d 1296, 1296 [2011]; Matter of Davis v Labor Ready, 69 AD3d 1214, 1215 [2010]). However, an exception arises when the employer takes responsibility for transporting employees, particularly where the employer is in exclusive control of the means of conveyance (see Matter of Holcomb v Daily News, 45 NY2d 602, 606-607 [1978]; Matter of Davis v Labor Ready, 69 AD3d at 1215). The key determination in establishing compensability is whether there is "some nexus between the accident and the employment" (Matter of Lemon v New York City Tr. Auth., 72 NY2d 324, 329 [1988]; see Matter of Monachino v Vigneri & Sons, 300 AD2d 797, 797-798 [2002]). Here, it is undisputed that the employer furnished the van for transportation, one of claimant's supervisors was the driver and, further, claimant's injuries were sustained during the course of that transportation while she was still on the clock and being paid. Inasmuch as the employer took responsibility for the inherent risks of transporting its employees from the work site and had exclusive control of the conveyance, we find no reason to disturb the Board's determination that claimant's injury arose out of and in the

course of her employment (see e.g. Michigan Mut. Liab. Co. v
State of New York, 31 AD2d 780, 780 [1969], affd 25 NY2d 647
[1969]; Matter of Cornelius v Brock, 27 AD2d 604, 605 [1966]).

Lahtinen, J.P., Stein, McCarthy and Clark, JJ., concur.


ORDERED that the decision is affirmed, with costs to
claimant.



ENTER:

Robert D. Mayberger
Clerk of the Court