*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 6, 2016                522371
_____

In the Matter of the Claim of
    VICTOR E. GUZMAN-DIMAS,
                        Respondent,

        v

FRALEXA, LLC., et al.,
                        Respondents,        MEMORANDUM AND ORDER
        and

TRAVELERS INDEMNITY COMPANY,
                        Appellant.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:   September 16, 2016

Before:  Peters, P.J., McCarthy, Garry, Clark and Aarons, JJ.

_____

        Dickie, McCamey & Chilcote, PC, White Plains (Beverly M.
Barr of counsel), for appellant.

_____

Aarons, J.

        Appeal from a decision of the Workers' Compensation Appeal
Board, filed March 31, 2015, which ruled that Travelers Indemnity
Company was the liable workers' compensation carrier.

        Claimant's employer, Fralexa, LLC, is a New Jersey
corporation with its sole office located in New Jersey.  The
employer maintained New Jersey workers' compensation insurance
through Travelers Indemnity Company.  In March 2013, claimant, a
delivery laborer, sustained work-related injuries after falling

off the back of a delivery truck while delivering and unloading a mattress in New York. Claimant, a resident of New York, filed a claim for workers' compensation benefits in New York. Travelers controverted the claim on the ground that the claim was not covered under its policy in effect at the time because it did not cover the employer for workers' compensation injuries occurring outside of New Jersey. Following a hearing, a Workers' Compensation Law Judge found, among other things, that Travelers was the proper carrier. The Workers' Compensation Board affirmed, finding that Travelers failed to produce evidence, including a copy of its policy showing its exclusions, at the hearing demonstrating that its policy excluded coverage for any employee hired in New York to perform work for the employer. Travelers now appeals.

We reverse. Initially, we note that, contrary to the Board's finding, the record indicates that the policy that Travelers issued to the employer was before the Board. The prehearing conference statement identified the policy issued to the employer and noted that it was attached to that statement, and the Workers' Compensation Law Judge was informed at the hearing that the policy was in the Board's file. The application for Board review also identified the policy, indicating that the document was in the Board's file and attached to the prehearing conference statement. Thus, the record amply demonstrates that Travelers produced the at-issue policy (compare Matter of Cerbasi v County Metal & Glass, Inc., 115 AD3d 1084, 1085 [2014]).

In any event, upon review of the policy that Travelers issued to the employer that is in the record before us, we agree with Travelers' contention that the conditions for coverage in New York were not met. The policy that Travelers issued to the employer contained a "limited other states insurance endorsement." In order for Travelers to pay benefits for a workers' compensation claim in New York under that endorsement, various conditions were required to be met, including, among other things, that the claimant seeking benefits must have been hired in New Jersey and, at the time of injury, the employee must have been principally employed in New Jersey. Claimant testified, however, that he was hired in New York in April 2011, picked up each morning in New York and dropped off at the end of

each work day in New York.  Further, claimant explained that his job duties consisted of delivering merchandise to locations throughout Long Island and that he never went to, or worked in, New Jersey.  Accordingly, because claimant was neither hired in New Jersey nor worked there, the record evidence demonstrates that not all of the conditions were met for the policy's endorsement to apply to his workers' compensation claim in New York (see Matter of Chmura v T&J Painting Co., Inc., 83 AD3d 1193, 1194-1195 [2011]; Matter of Chmura v T&J Painting Co., Inc., 64 AD3d 987, 988 [2009]).[1]

Peters, P.J., McCarthy, Garry and Clark, JJ., concur.

ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1]  We note that Workers' Compensation Law § 50 (2) provides that an employer with employees in New York must secure workers' compensation insurance "through a policy issued under the law of this state."  Thus, because the policy issued by Travelers did not list New York in Item 3A, the employer was required to obtain a New York workers' compensation insurance policy that listed New York in Item 3A (see Matter of Estate of Velasquez v NGA Constr. Co., Inc., 112 AD3d 1051, 1052 [2013]; Matter of Chmura v T&J Painting Co., Inc., 83 AD3d at 1194-1195).