FILED
Feb 24, 2021
02:15 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE

| | | |
|---|---|---|
| Amalia Bacallao, | ) | Docket Nos.: 2019-04-0203A |
| Employee, | ) | 2019-04-0203B |
| v. | ) | 2019-04-0203C |
| Javier H. Sanabria DBA Custom Cleaning Service, | ) | |
| | ) | |
| Respondent, | ) | State File Nos.: 51633-2019 |
| And | ) | 27508-2020 |
| AmGuard Ins. Co., | ) | 27484-2020 |
| Respondent, | ) | |
| And | ) | |
| Victoriano C. Jutzuy, | ) | Judge Robert Durham |
| Respondent, | ) | |
| And | ) | |
| United Painting Services, Inc., | ) | |
| Respondent, | ) | |
| And | ) | |
| Auto Owners Ins. Co., | ) | |
| Respondent. | ) | |

---

## COMPENSATION ORDER GRANTING AMGUARD'S
## MOTION FOR SUMMARY JUDGMENT

---

The Court held a hearing on February 16, 2021, on AmGuard's Motion for Summary Judgment on the grounds that it is not contractually obligated to provide coverage for claims filed in Tennessee. None of the parties contested AmGuard's motion; however, the Court asked AmGuard to file a supplemental brief as to the enforceability of the stated policy provision. After reviewing the record, the Court holds that AmGuard is entitled to summary judgment as a matter of law.

### History of Claim

Based on the Statement of Undisputed Facts, Amalia Bacallao, the injured

employee and a Tennessee resident, entered into a contract with Victoriano Jutzuy in Tennessee to paint the new fitness center at Tennessee Tech in Cookeville.[1]  During an Expedited Hearing, she also asserted that Mr. Jutzuy had contracted with Mr. Sanabria in North Carolina to paint the fitness center, and that Mr. Sanabria had subcontracted the job from United Painting Services.  AmGuard provided workers' compensation insurance for Mr. Sanabria, but the contract limited coverage to injuries in North Carolina.

After the Expedited Hearing, the Court held that Ms. Bacallao would likely prove at trial that she suffered a compensable back injury while working for Mr. Jutzuy; however, she did not provide sufficient evidence of a subcontractor relationship between Mr. Jutzuy and Mr. Sanabria.

In this motion, AmGuard contends that even if Ms. Bacallao were successful in linking her employment to Mr. Sanabria, it would nevertheless be entitled to judgment as a matter of law because the policy it issued to Mr. Sanabria contained the following language:

> The employee claiming benefits was either hired under a contract of employment made in a state listed in Item 3.A. of the Information Page or was, at the time of injury, principally employed in a state listed in Item 3.A. of the Information Page; and b. The employee claiming benefits is not claiming benefits in a state where, at the time of injury, (i) you have other workers compensation insurance coverage, or (ii) you were, by virtue of the nature of your operations in that state, required by that state's law to have obtained separate workers compensation insurance coverage, or (iii) you are an authorized self-insurer or participant in a self-insured group plan; and c. The duration of the work being performed by the employee claiming benefits in the state for which that employee is claiming benefits is temporary.

AmGuard contended Ms. Bacallao was hired by Mr. Jutzuy in Tennessee and that she was injured in Tennessee.  It further contended that Mr. Sanabria did not have workers' compensation insurance coverage in Tennessee.  Thus, AmGuard argued that Ms. Bacallao's injury did not satisfy the requirements for coverage under the policy.

### Law and Analysis

To prevail on a motion for summary judgment, a party must (1) submit affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrate that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.  Tenn. Code Ann. § 20-16-101 (2020).

---

[1] Mr. Jutzuy did not carry workers' compensation insurance.

Here, none of the parties opposed the motion. Thus, the Court turns to whether the policy provision at issue allows entry of summary judgment in favor of AmGuard.

In that regard, it is undisputed that Ms. Bacallao could not satisfy the first element of the policy and receive any benefits under it because the contract of hire was made in Tennessee and the injury occurred here. Likewise, it is undisputed that Mr. Sanabria did not obtain a workers' compensation insurance policy covering Tennessee claims.

However, the issue is whether the exemption itself is enforceable under workers' compensation law, thus making summary judgment in favor of AmGuard appropriate.

AmGuard concedes that it could not find any case interpreting this provision under Tennessee law. However, it did cite cases from other states that have considered policy provisions limiting coverage to certain states. *See, e.g. Matter of Chmura v. T&J Painting Co.*, 83 A.D.3d 1193 (NY App. Div. 2011); *Granite State Ins. Co. v. Hernandez*, 992 A.2d 528 (Md. Ct. of App. 2010) (the opinion also reviewed several other decisions considering this issue). Although the facts differ in each case, the general holding is that the exclusion is enforceable so long as the intent is clear: the carrier is not responsible for payment of benefits under the law of the state where the worker was injured unless all of the elements of the exemption are met. Although these decisions are not binding on the Court, they are persuasive.

Given the undisputed facts, the Court holds that AmGuard is entitled to summary judgment as a matter of law and is not liable for providing workers' compensation benefits to Ms. Bacallao under the stated policy provision.

**IT IS, THEREFORE, ORDERED**:

1. AmGuard's Motion for Partial Summary Judgment is granted, and it is dismissed with prejudice.

2. Unless appealed, this Order shall become final in thirty days.

**ENTERED February 24, 2021.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on February 24, 2021.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Amalia Baccallao | X | | X | 378 W. Stevens Street, Apt. D Cookeville, TN 38501 mayabacallao@hotmail.com |
| Javier S. Sanabria | X | | | 5663 Silver Bell Lane Granite Falls, NC 28630 |
| Victoriano C. Jutzuy | X | | | 1657 East Crest Drive, Apt. M5 Charlotte, N.C. 28205 |
| Allen Callison | | | X | Allen.callison@mgclaw.com |
| Michael Haynie | | | X | mhaynie@manierherod.com |
| Uninsured Employers Fund | | | X | Lashawn.pender@tn.gov |

_____

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
WC.CourtClerk@tn.gov

4



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____
_[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]_

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the
Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-
stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

_* Attach an additional sheet for each additional Appellant *_

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a
true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described
in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this
case on this the _____ day of _____, 20 _____.


_____
*[Signature of appellant or attorney for appellant]*