Matter of Reyes Bonilla v XL Specialty Ins. (2024 NY Slip Op 03519)

Matter of Reyes Bonilla v XL Specialty Ins.

2024 NY Slip Op 03519

Decided on June 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 27, 2024

CV-22-2294 CV-22-2299
[*1]In the Matter of the Claim of Jose Reyes Bonilla, Respondent,
v
XL Specialty Insurance, Also Known as Intercargo Ins. Co., et al., Appellants, et al., Respondent, and Liberty Mutual Fire Ins. Co., Respondent. Workers' Compensation Board, Respondent.

Calendar Date:June 4, 2024

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, McShan and Powers, JJ.

Lois Law Firm LLC, New York City (Addison O'Donnell of counsel), for appellants.
The Weinstein Law Group, PLLC, New York City (Rudolf B. Radna of counsel), for Jose Reyes Bonilla and another, respondents.
The Law Offices of Destin C. Santacrose, Buffalo (Rayna J. White-Martinez of counsel), for Liberty Mutual Fire Ins. Co., respondent.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.

Clark, J.
Appeals from two decisions of the Workers' Compensation Board, filed December 2, 2022, which ruled, among other things, that claimants sustained accidental injuries arising out of and in the course of their employment.
In October 2020, claimants, who were carpenters, were traveling in a van together to their job site in Greenpoint, Brooklyn when they were involved in a motor vehicle accident. Each claimant filed a claim for workers' compensation benefits alleging that he sustained work-related injuries as a result of the motor vehicle accident. In claim No. 1, following a March 2021 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) placed XL Specialty Insurance (hereinafter XL Specialty) on notice of the claim because it was the workers' compensation carrier that maintained a wrap-up policy for the Greenpoint job site to which claimants were traveling. Additional hearings ensued, after which the WCLJ established claim No. 1 for injuries to the back, left knee and neck and found that the proper carrier was XL Specialty, which, despite being on notice, failed to appear at several hearings to defend against the claim. As a result of XL Specialty's failure to appear, the WCLJ precluded XL Specialty from presenting witnesses or obtaining an independent medical examination and imposed a penalty of $10,000 pursuant to Workers' Compensation Law § 114-a (3) (i). XL Specialty subsequently appeared, arguing that its site-specific wrap-up policy did not cover the claim because claimant Jose Reyes Bonilla was injured while commuting to the job site. Following the hearing, the WCLJ found that XL Specialty's policy covered the accident as Jose Reyes Bonilla was engaged in activities incidental to, and in pursuit of, the job site. Upon administrative appeal, the Workers' Compensation Board affirmed the decision of the WCLJ in a December 2, 2022 decision, finding that XL Specialty was previously found to be the proper carrier and, further, that its coverage extended to the compensable motor vehicle accident.[FN1]
In claim No. 2, following an investigation by the Board, the WCLJ placed XL Specialty on notice of the claim, as the potential carrier, in a February 2021 decision. Following additional hearings, at which XL Specialty did not appear, the claim of claimant Marvin Reyes Bonilla was established in an October 2021 decision for work-related injuries to his neck and back against XL Specialty, and awards were made. XL Specialty ultimately appeared at a December 2021 hearing to controvert the claim, and, following a September 2022 hearing, the WCLJ imposed penalties upon XL Specialty for its failure to timely file a C-240 form (Employer's Statement of Wage Earnings) as previously directed. Upon administrative appeal, the Board ruled in a December 2, 2022 decision that the issue of whether XL Specialty is the proper carrier was previously decided by the WCLJ and that XL Specialty's coverage extended to the compensable motor vehicle accident. XL Specialty [*2]now appeals from both decisions.[FN2]
We affirm. As an initial matter, we agree with the Board that XL Specialty failed to preserve its challenge to the Board's determination that XL Specialty is the proper carrier. The record reflects that, in both claims, XL Specialty failed to appear for several hearings despite being on notice of the claims and hearings. Specifically, XL Specialty failed to appear and interpose an objection at the August 24, 2021 (claim No. 1) and October 6, 2021 (claim No. 2) hearings when the WCLJ established the claims against XL Specialty as the proper carrier. XL Specialty also failed to seek timely administrative review of the resulting WCLJ decisions dated August 27, 2021 and October 12, 2021 (see Workers' Compensation Law § 23; Matter of Whitney v Pregis Corp., 200 AD3d 1257, 1259 [3d Dept 2021]). Accordingly, we agree with the Board that this issue was unpreserved for its review (see 12 NYCRR 300.13 [b] [4] [v]; Matter of Puccio v Absolute Chimney & Home Improvement, LLC, 222 AD3d 1060, 1062-1063 [3d Dept 2023]; see also Matter of Romero v Capital Concrete, 221 AD3d 1149, 1151 [3d Dept 2023]; compare Matter of Dimaggio v Mayrch Excavation Found., 189 AD3d 1841, 1843 [3d Dept 2020]).
Turning to the compensability of, and XL Specialty's liability for, the claims, it is well settled that "[a]n injury is only compensable under the Workers' Compensation Law if it arose out of and in the course of a worker's employment and, in general, injuries sustained in the course of travel to and from the place of employment do not come within the statute" (Matter of Wright v Nelson Tree Serv., 182 AD3d 853, 854 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Neacosia v New York Power Auth., 85 NY2d 471, 475 [1995]; Matter of Waters v New York City Tr. Auth., 204 AD3d 1208, 1209 [3d Dept 2022]). "However, an exception arises when the employer takes responsibility for transporting employees, particularly where the employer is in exclusive control of the means of conveyance" (Matter of Noboa v International Shoppes, Inc., 122 AD3d 978, 979 [3d Dept 2014] [citations omitted]). "The key determination in establishing compensability is whether there is 'some nexus between the accident and the employment' " (id., quoting Matter of Lemon v New York City Tr. Auth., 72 NY2d 324, 329 [1988]; see Matter of Monachino v Vigneri & Sons, 300 AD2d 797, 798 [3d Dept 2002]).
The uncontradicted testimony reflects that claimants would meet at a train station parking lot to be taken to the job site by a van that the employer provided and which the employer directed that claimants use for transportation to the job site. The testimony further demonstrates that claimants were riding in the employer's van when the accident in question occurred. "Inasmuch as the employer took responsibility for the inherent risks of transporting [claimants to and] from the work site and had exclusive control of the conveyance, we find no reason to disturb [*3]the Board's determination that [claimants' injuries] arose out of and in the course of [their] employment" (Matter of Noboa v International Shoppes, Inc., 122 AD3d at 979 [citations omitted]; see also Matter of Holcomb v Daily News, 45 NY2d 602, 607 [1978]; compare Matter of Davis v Labor Ready, 69 AD3d 1214, 1215-1216 [3d Dept 2010]).
Contrary to XL Specialty's contention that its wrap-up policy contained an endorsement excluding coverage for the accident that occurred here, the Board did not err in concluding that XL Specialty's "endorsement does not specifically exclude coverage for an accident traveling to and from the site in question and would cover a compensable accident that occurred while traveling to the site covered by the policy." Although exclusions "are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction" (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984]; accord Matter of Ovando v Hanover Delivery Serv., Inc., 13 AD3d 780, 781-782 [3d Dept 2004]), the endorsement in XL Specialty's policy covered activity "incidental to the described project" and "other similar areas dedicated to the project that are under the control of [XL Specialty]" (emphases added). Thus, we perceive nothing irrational in the Board's finding that XL Specialty's endorsement excluding coverage is inapplicable to these claims given that transportation of claimants was under XL Specialty's control and in furtherance of the project (see Matter of Ovando v Hanover Delivery Serv., Inc., 13 AD3d at 781-782; Matter of Senay v BH Motto & Co., 269 AD2d 647, 648 [3d Dept 2000]; compare Matter of Chmura v T & J Painting Co., Inc., 83 AD3d 1193, 1194-1195 [3d Dept 2011]). Claimants' remaining contentions have been considered and found to be without merit.
Egan Jr., J.P., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: Although the Board referred to the carrier as XL Insurance America in its board panel decision for claim No. 1, XL Specialty is the appellant in the two claims before us and will be referred to as such throughout this decision.

Footnote 2: By motion decision dated April 6, 2023, this Court consolidated the two appeals (2023 NY Slip Op 64790[U] [3d Dept 2023]).